FLOYD BROWNING, Appellant, *v.* YOUNG
ELECTRIC SIGN CO., Respondent.

No. 28160

March 27, 1997

936 P.2d 322

*R. Paul Sorenson,* Las Vegas, for Appellant.

*McGroarty, Cartwright & Lane,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Floyd Browning was an employee of Respondent Young Electric Sign Company (YESCO) and was injured on the job when an unsecured sign fell on him. YESCO was a self-insured company, and its third party administrator, W.R. Gibbens, Inc., accepted Browning's claim for worker's compensation benefits. However, approximately ninety days after accepting the claim, W.R. Gibbens informed Browning that it was withdrawing that acceptance because it had since learned that Browning had been intoxicated at the time of the accident.

Browning appealed the withdrawal of benefits, and a hearing officer reinstated the benefits, stating that alcohol was not the proximate cause of Browning's injuries. YESCO appealed, and the appeals officer affirmed the hearing officer's decision.

YESCO then appealed to the district court, which reversed the appeals officer's decision, stating that because Browning was intoxicated at the time of the accident and had failed to rebut the statutory presumption that alcohol was the proximate cause of the injury, benefits were not available.

We conclude that YESCO failed to timely appeal W.R. Gibbens' grant of benefits to Browning and, therefore, the only issue properly before the administrative agency was whether Browning had knowingly concealed his intoxication to obtain the benefits. Because we conclude that no such concealment occurred, the district court abused its discretion in reversing the opinion of the appeals officer, and the appeals officer's award of benefits should be reinstated.

### FACTS

Browning was employed by YESCO as a security guard and was called into work early on August 11, 1993; prior to reporting to work he had consumed alcoholic beverages. During his shift, Browning was injured when a sign fell on him. In his voluntary statement given to W.R. Gibbens, YESCO's third party administrator, approximately ten days after the accident, Browning stated the following. While patrolling the YESCO storage yard at approximately 8:30 p.m., he briefly followed a pregnant cat to see where the cat was going. After losing sight of the cat, he turned around, caught his foot on a piece of rope or wire, and stumbled forward. As he stumbled, he grabbed onto an unsecured sign which was leaning against another sign, and the unsecured sign fell on him. He was lying on his back and the sign was lying across his chest; he was unable to remove the sign because it was too heavy, but he was able to call 911 from his cellular phone.

The fire department arrived at the scene and removed the sign from his body.

Browning was transported to the hospital, was diagnosed with a compression fracture of the first lumbar vertebra and weakness in the lower extremities, and apparently was admitted to the hospital. Additionally, tests indicated that Browning's blood alcohol level was .126. YESCO filed an employer incident report on August 12, 1993. On September 23, 1993, the final day to accept or deny Browning's claim for worker's compensation benefits pursuant to NRS 616C.060,[1] W.R. Gibbens sent a letter to Browning informing him that a claim had been filed on his behalf and accepted. The letter also indicated that if Browning or any of the other directly involved parties disagreed with the acceptance of the claim, those parties had a right to appeal the decision to a hearing officer within seventy days from the date of notice.

On December 13, 1993, W.R. Gibbens sent Browning a second letter stating that his claim should never have been accepted because Browning had been intoxicated at the time of the injury. The letter explained that the Nevada Industrial Insurance Act imposed a statutory rebuttable presumption that the intoxication was the proximate cause of the injury. The letter concluded by stating that Browning's claim was denied, he could have to repay all of the benefits paid to date, and he had seventy days to appeal the denial to a hearing officer.

Browning filed an appeal with a hearing officer on February 17, 1994, and a hearing was conducted on April 6, 1994. The hearing officer reversed the denial of coverage, stating that Browning was injured while in the course and scope of his duties and that his intoxication was not the proximate cause of his injury.

YESCO appealed the hearing officer's decision, and on November 23, 1994, after a rehearing, the appeals officer issued an amended order affirming the hearing officer's ruling. The appeals officer stated that because Browning was intoxicated and failed to rebut the statutory presumption of NRS 616.565,[2] she

---

[1]NRS 616C.060 states: "An insurer shall accept or deny responsibility for compensation under chapters 616A to 616D, inclusive, of NRS within 30 working days after claims for compensation are received pursuant to both NRS 616C.020 and 616C.040."

[2]This section was later recodified as NRS 616C.230 and states:

1. Compensation is not payable pursuant to the provisions of chapters 616A to 616D, inclusive, of NRS for an injury:

. . . .

(c) Proximately caused by the employee's intoxication. If the employee was intoxicated at the time of his injury, intoxication must be presumed to be a proximate cause unless rebutted by evidence to the contrary.

normally would have denied the claim. However, in affirming the hearing officer's conclusion, the appeals officer stated that Browning's intoxication, which formed the basis of W.R. Gibbens' revocation of the claim acceptance, was actually known to YESCO through W.R. Gibbens nearly three months prior to the claim denial and, therefore, YESCO and W.R. Gibbens were estopped from revoking their acceptance of Browning's claim.

The appeals officer's decision was stayed pending an appeal to the district court. The district judge reversed the appeals officer's decision based on the fact that the appeals officer had concluded that Browning had been intoxicated at the time of the injury and had failed to rebut the presumption that alcohol was the proximate cause of his injury. Therefore, the district judge concluded that pursuant to NRS 616.565 (now NRS 616C.230), Browning was not entitled to compensation.

Browning now appeals the district court's decision.

## DISCUSSION

This court's role in reviewing an administrative decision is identical to that of the district court: to review the evidence before the agency so that we may determine whether the agency's decision was arbitrary and capricious, and was thus an abuse of the agency's discretion. Titanium Metals Corp. v. Clark County, 99 Nev. 397, 399, 663 P.2d 355, 357 (1983). The decision of an administrative agency will be affirmed if there is substantial evidence to support the decision. SIIS v. Swinney, 103 Nev. 17, 20, 731 P.2d 359, 361 (1987).

NRS 616C.315(2) states:

> Except as otherwise provided in NRS 616C.305, a person who is aggrieved by:
> (a) A written determination of an insurer . . .
> . . . .
> may appeal from the determination . . . by filing a request for a hearing before a hearing officer. Such a request must be filed within 70 days after the date on which the notice of the insurer's determination was mailed by the insurer. . . .

In SIIS v. United Exposition Services Co., 109 Nev. 28, 30, 846 P.2d 294, 295 (1993), we stated that when SIIS grants benefits to an injured worker, an employer is an "aggrieved person" under NRS 616C.315 and that this provision is the exclusive avenue of appeal from a decision to grant benefits. In Falline v. GNLV Corp., 107 Nev. 1004, 1007, 823 P.2d 888, 890 (1991), this court concluded that SIIS and administrators of self-insured plans perform essentially the same functions—they proc-

ess claims and, where warranted, pay compensation to injured workers.

Based on *United Exposition* and *Falline,* we conclude that a grant of benefits from a third party administrator, in this case W.R. Gibbens, is equivalent to a grant of benefits from SIIS such that the employer, YESCO, was an "aggrieved party" and under an obligation to appeal that decision within seventy days. YESCO failed to timely appeal the decision of its third party administrator pursuant to NRS 616C.315(2) and, therefore, lost its right to challenge the validity of the award on the ground that Browning had failed to rebut the presumption from NRS 616C.230.

However, another valid avenue to challenge the award remained to YESCO and W.R Gibbens. NRS 616C.225 states:

> [I]f an insurer determines that an employee has knowingly misrepresented or concealed a material fact to obtain any benefit or payment under the provisions of chapters 616A to 616D, inclusive, of NRS, the insurer may deduct from any benefits or payments due to the employee, the amount obtained by the employee because of the misrepresentation or concealment of a material fact.

Therefore, YESCO and W.R. Gibbens could have withdrawn their acceptance of Browning's claim if they could have shown that Browning had knowingly misrepresented or concealed a fact in order to obtain benefits. The issue of Browning's concealment was the only one properly before the administrative agency and is the only issue before this court.

YESCO argues that Browning concealed the fact that he was intoxicated at the time of the injury and that it and W.R. Gibbens had discovered evidence of the intoxication only after the claim had been accepted. We conclude that this argument lacks merit. Browning's blood alcohol level was tested at the hospital immediately after he was injured. The blood alcohol report indicates that the test was performed on August 11, 1993, and that the report was generated on August 15, 1993. The appeals officer's decision indicated that W.R. Gibbens had received the report on September 24, 1993, the day after it had accepted Browning's claim; however, the report had been available since August 15, 1993, and the appeals officer concluded that had W.R Gibbens exercised reasonable diligence, it could have obtained the report before it accepted Browning's claim.

Therefore, we conclude that substantial evidence supported the appeals officer's conclusion that Browning had not knowingly concealed his intoxication. The district court abused its discretion

in reversing the appeals officer's decision, and W.R. Gibbens' acceptance of Browning's claim and award of benefits should be reinstated.

## CONCLUSION

Because YESCO was an "aggrieved party," it had seventy days to appeal W.R. Gibbens' decision to award benefits to Browning. As a result of YESCO's failure to timely file such an appeal, the only issue before the administrative agency was whether Browning had knowingly concealed his intoxication. Because no evidence was presented to prove that Browning had knowingly concealed his intoxication, W.R. Gibbens was not authorized to withdraw its acceptance of Browning's claim, and the district court's reversal of the appeals officer's decision was an abuse of discretion. Therefore, we reverse the district court's order and reinstate the appeals officer's decision.