ALFRED DAY, Appellant, v. WASHOE COUNTY SCHOOL
DISTRICT and CDS COMPFIRST, Respondents.

No. 39884

July 28, 2005                                    116 P.3d 68

*Nancyann Leeder,* Nevada Attorney for Injured Workers, Carson
City, for Appellant.

*McDonald Carano Wilson LLP* and *Timothy E. Rowe,* Reno, for
Respondents.

Before MAUPIN, DOUGLAS and PARRAGUIRRE, JJ.

## OPINION

By the Court, MAUPIN, J.:

In this appeal, we consider the scope of the Nevada Industrial Insurance Act's provision for claim reopening, NRS 616C.390. This statute allows the reopening of closed workers' compensation claims when the original injury is the primary cause of a worsening of the industrial condition. We hold that a prior determination that an injury was industrially related may not be reconsidered in determining primary causation under NRS 616C.390.

### FACTS AND PROCEDURAL HISTORY

Appellant Alfred Day sustained a number of industrial injuries between 1986 and 1995, which involved his neck, back and hips. The history of Day's various workers' compensation claims reveals that, by 1995, doctors had diagnosed him with degenerative osteoarthritis in both hips. Pursuant to this diagnosis, Day's orthopedist requested the reopening of one of Day's previous industrial insurance claims and recommended bilateral hip-replacement surgery. The third-party administrator, respondent CDS Comp-First (CDS), ultimately approved separate surgeries for each hip. Although Day underwent right hip replacement surgery in 1995, he elected not to immediately undergo the second procedure to his left hip. Subsequently, in 1997, CDS closed Day's consolidated claim and granted him a 21 percent permanent partial disability (PPD) rating, the majority of which related to his hips. In making this award, CDS concluded that Day's degenerative hip condition was 100 percent the result of his industrial injuries. No appeal was taken from this award.

In 1999, Day requested the reopening of his claim for treatment of his left hip, which CDS denied. Eventually, the matter proceeded to an appeals officer, who upheld CDS's denial of claim reopening. The district court denied Day's subsequent petition for judicial review. Day appeals.

### DISCUSSION

Statutory interpretation is a question of law which this court reviews de novo.[1] When possible, this court gives statutes their plain

---

[1] *E.g., Construction Indus. v. Chalue,* 119 Nev. 348, 351, 74 P.3d 595, 597 (2003); *see also* NRS 233B.135(3)(a), (d).

meaning and, in particular, has " " "consistently upheld the plain meaning of the statutory scheme in workers' compensation laws." " " "[2] However, on questions of fact, this court reviews "an administrative body's decision for clear error or an arbitrary abuse of discretion" and will not overturn an appeals officer's factual decision that is supported by substantial evidence.[3] While " "this court will not substitute its judgment for that of the agency as to the weight of the evidence, this court will reverse an agency decision that is clearly erroneous in light of reliable, probative, and substantial evidence on the whole record.' "[4] Further, this court "has the inherent authority to remand administrative agency cases for factual determinations."[5]

NRS 616C.390 governs the reopening of industrial insurance claims and provides in pertinent part:

> 1. If an application to reopen a claim to increase or rearrange compensation is made in writing more than 1 year after the date on which the claim was closed, the insurer shall reopen the claim if:
> (a) A change of circumstances warrants an increase or rearrangement of compensation during the life of the claimant;
> (b) The primary cause of the change of circumstances is the injury for which the claim was originally made; and
> (c) The application is accompanied by the certificate of a physician or a chiropractor showing a change of circumstances which would warrant an increase or rearrangement of compensation.

The parties do not dispute that Day's hip condition has worsened since claim closure in 1997 or that Day properly attached a physician's certificate to his 1999 claim reopening application. Thus, the sole issue before the appeals officer was whether the "primary cause of [Day's] change of circumstances [was] the injury for which the claim was originally made."[6]

[2]*Chalue,* 119 Nev. at 351-52, 74 P.3d at 597 (quoting *Barrick Goldstrike Mine v. Peterson,* 116 Nev. 541, 545, 2 P.3d 850, 852 (2000) (quoting *SIIS v. Prewitt,* 113 Nev. 616, 619, 939 P.2d 1053, 1055 (1997))).

[3]*Id.* at 352, 74 P.3d at 597 (stating that "[s]ubstantial evidence is 'that which "a reasonable mind might accept as adequate to support a conclusion" ' " (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Edison Co. v. Labor Board,* 305 U.S. 197, 229 (1938)))).

[4]*Id.* (quoting *United Exposition Service Co. v. SIIS,* 109 Nev. 421, 425, 851 P.2d 423, 425 (1993)); *see also* NRS 233B.135(3).

[5]*General Motors v. Jackson,* 111 Nev. 1026, 1030, 900 P.2d 345, 348 (1995).

[6]NRS 616C.390(1)(b).

In denying claim reopening, the appeals officer noted:

> The fact that a condition may have, at one point in time, been accepted as the responsibility of an industrial insurer and the fact that specific treatment of such condition may, at one point in time, have been approved, does not obviate the statutory requirement of proving, upon a request for reopening, that "the primary cause" of the current need for treatment of the condition is, or remains, the industrial injury. NRS 616C.390(1)(b).
>
> The preponderance of the relevant and most competent medical evidence presented herein does not support a conclusion that Claimant has met the evidentiary requirements of NRS 616C.390(1).

We conclude that the appeals officer misinterpreted NRS 616C.390 to permit reconsideration of the original acceptance of Day's osteoarthritis as industrially related. In this, we note that the appeals officer implicitly relied on the medical opinions of Dr. Phelps Kip and Dr. George Mars. In particular, Dr. Kip concluded that Day's osteoarthritis was not traumatically induced and, thus, was not industrially related in the first instance. Further, Dr. Mars' final report states:

> Based on the previous Nevada law, any aggravation or preexisting condition can be considered an industrial condition. However, this was amended and going by the present law, *the patient does have really no changes in his work-related condition from his previous PPD except in his left hip which has definite decreased range of motion and increased severe destructive arthropathy. However, this severe destructive arthropathy under present law is not work-related and in all medical probability not an extension of his original injury* of lifting a 5-gallon can. However, the patient does have severe problems in this hip and on a non-industrial basis should have total hip arthroplasty.[7]

(Emphasis added.) While the burden was on Day to satisfy NRS 616C.390's claim reopening requirements, the sole issue before the appeals officer was whether the "primary cause" for the worsening of Day's hip osteoarthritis was the "injury for which the claim was originally made." By considering medical opinions revisiting the propriety of the original conclusion that the osteoarthritis was industrially related, it appears that the appeals officer improperly reconsidered an issue that had been previously resolved.[8]

---

[7]We question in passing whether Dr. Mars' "medical-legal" opinion as stated was admissible under NRS 233B.123(1). *See* NRS 50.275.

[8]*See Browning v. Young Elec. Sign Co.,* 113 Nev. 420, 423-25, 936 P.2d 322, 325-26 (1997) (once a third-party administrator accepts an insurance

NRS 616C.390 does not permit reconsideration of the accuracy of a prior decision that an injury is industrial in nature. Accordingly, a new hearing should be conducted before the appeals officer, with the sole issue to be whether the ''primary cause'' for the worsening of Day's left hip osteoarthritis was the ''injury for which the claim was originally made.'' In making this determination, the appeals officer should be mindful of the fact that respondents originally accepted Day's degenerative hip condition as industrially related and that NRS 616C.390 requires only a determination of whether that injury is the primary cause of Day's worsened condition.[9]

## CONCLUSION

The appeals officer improperly reconsidered the nature of the original industrial injury upon an application for claim reopening. We therefore reverse the district court's order denying the petition for judicial review and remand this matter with instructions that the court direct the appeals officer to conduct a new hearing in accordance with the analysis set forth in this opinion.

DOUGLAS and PARRAGUIRRE, JJ., concur.

---

claim, the insurer must timely appeal the decision or it loses its right to challenge the validity of the award).

