OPINION[1]

Per Curiam:

In this appeal, we determine whether a workers’ compensation claimant’s administrative appeal — from the closure of his claim without continued maintenance care — is barred by his failure to designate, in his appeal form, the first notice informing him of the claim’s closure, rather than a subsequent notice. Because the claimant received two superseding notices of claim closure, and because his appeal was timely as to any of the three notices, his appeal was not barred. Further, as the appeals officer’s determination that the claimant was entitled to continued maintenance *1281 care was based on substantial evidence, we affirm the district court’s order denying the petition for judicial review of the appeals officer’s determination.

FACTS AND PROCEDURAL HISTORY

Respondent John Gilbert suffered an industrial injury in 2001. Gilbert’s employer, appellant Flamingo Hilton, accepted his ensuing workers’ compensation claim, and Gilbert underwent treatment and surgery in the following months. On April 22, 2004, Gilbert’s treating physician determined that Gilbert’s condition was stable and ratable, and the physician recommended that Gilbert be evaluated for a permanent partial disability (PPD). In the April 22 report, the physician also indicated that Gilbert required continued medication to help treat residual pain and that Gilbert should obtain that medication through his private insurance once his workers’ compensation claim was closed.
Consequently, on April 28, 2004, Flamingo Hilton’s insurer sent Gilbert a notice stating that his claim was closed as of that date with regard to further benefits, except for any previously authorized treatments and/or prescriptions. The April 28 letter noted that Gilbert would be scheduled for a PPD evaluation.
Then, on May 10, 2004, the insurer notified Gilbert of the date of his PPD evaluation and that his claim would be closed for all benefits as of the evaluation date. The insurer also provided that no further treatment would be authorized, except for any treatments and/or prescriptions authorized before May 10.
After the PPD evaluation was rescheduled, Gilbert was evaluated on June 3, 2004, and determined to have a nine percent PPD rating. The PPD evaluation additionally noted that Gilbert suffered from chronic pain resulting from his industrial condition and required “maintenance care consisting of physician visits every three to four months to prescribe and monitor medications.’ ’ The examiner suggested that the maintenance care be reevaluated yearly.
Subsequently, Gilbert received a June 18, 2004 letter offering him PPD benefits and stating that his claim was closed for all other benefits as of June 3, 2004. The June 18 letter did not mention any maintenance care. A few days later, on June 23, 2004, Gilbert administratively appealed, primarily contesting the closure of his claim without allowing for the recommended maintenance care.[2]
After Gilbert appealed, his treating physician issued two additional reports. The first report indicated that Gilbert would require medication until the end of October 2004. In the second report, the *1282 treating physician indicated that continued medication was warranted and that he would evaluate Gilbert again in twelve weeks.
An appeals officer, having considered the above evidence, determined that Gilbert had properly appealed from the June 18 PPD determination letter and that he was entitled to continuing maintenance care. The appeals officer ordered Flamingo Hilton to, notwithstanding any future acceptance of the PPD award, continue to pay for Gilbert’s medication refills so long as the treating physician deemed it appropriate.
Flamingo Hilton petitioned for judicial review, which was denied. Consequently, Flamingo Hilton appeals. On appeal, Flamingo Hilton challenges the appeals officer’s exercise of jurisdiction over this matter, despite Gilbert’s failure to appeal from the April 28 letter first purporting to close his claim, and the appeals officer’s determination that Gilbert is entitled to maintenance care.

DISCUSSION

This court, like the district court, reviews an appeals officer’s decision for clear error or an arbitrary abuse of discretion.[3] Although an appeals officer’s purely legal determinations are independently reviewed, the appeals officer’s fact-based conclusions of law are entitled to deference, and they will be left undisturbed if they are supported by substantial evidence. Substantial evidence is described as evidence that a reasonable person could accept as adequately supporting a conclusion.[4] We may not substitute our judgment for that of the appeals officer as to the weight of the evidence on a question of fact,[5] and our review is limited to the record before the appeals officer.[6]
With regard to Flamingo Hilton’s first argument, that Gilbert waived his right to appeal his claim’s closure by failing to contest the April 28 determination letter, we conclude that the appeals officer properly exercised jurisdiction over the claim closure issue. NRS 616C.315(3) provides that a claimant who is aggrieved by an insurer’s determination must appeal from that determination within seventy days of the determination’s mailing date. The first letter purportedly closing Gilbert’s claim was dated April 28, 2004. That letter, however, expressly allowed Gilbert to receive previously authorized treatment and prescriptions, and it is unclear from the record whether that allowance included the treating physi *1283 cian’s April 22 recommendation that Gilbert continue his medications. Consequently, it is unclear whether Gilbert was aggrieved by the April 28 determination letter.
Further, regardless of whether Gilbert was aggrieved by the April 28 letter, the insurer sent him two additional letters within the administrative appeal period, each of which contained a new claim closure date. As a result, Gilbert was entitled to rely on the latest superseding letter.[7]
Moreover, even though Gilbert’s administrative appeal form did not designate the April 28 determination letter, he expressly contested the closure of his claim within seventy days of that letter.[8] Accordingly, as Gilbert timely administratively challenged the claim closure,[9] the appeals officer properly considered that issue.
With regard to Flamingo Hilton’s second argument — that the appeals officer’s decision to order “indefinite” maintenance care benefits is based on a conclusion that is against the manifest weight of the evidence and, thus, constitutes an abuse of discretion — the record clearly indicates otherwise. Although Gilbert’s treating physician improperly made a legal conclusion that Gilbert should obtain continued medication under his private insurance, that physician, and all other medical evidence in the record, indicated that Gilbert needed continued medication for his industrial injury. Further, the appeals officer’s decision appears to contemplate pe *1284 riodic evaluation of Gilbert’s medication requirements, which are to be provided until a physician deems them no longer “appropriate and necessary for [Gilbert’s] industrial condition.” Consequently, the appeals officer’s determination as to Gilbert’s continued medication needs is based on substantial evidence.

CONCLUSION

As Gilbert timely administratively challenged the closure of his claim, and as substantial evidence supports the appeals officer’s determination that Gilbert had demonstrated a need for continued medication, we affirm the district court’s order denying judicial review.

 We previously disposed of this case in an unpublished order that affirmed the district court’s order. Under NRAP 34(f), we determined that oral argument was not warranted. Respondent John Gilbert then filed a motion to publish the decision as an opinion. We grant the motion and issue this opinion in place of the prior order that was entered on August 18, 2006.

 Although all parties treated Gilbert’s administrative appeal as from the June 18 letter, we note that the statement attached to Gilbert’s appeal form appears to designate the May 10 letter. Regardless, as further explained below, Gilbert’s administrative appeal from the claim closure was timely.

 Construction Indus. v. Chalue, 119 Nev. 348, 352, 74 P.3d 595, 597 (2003).

 Ayala v. Caesars Palace, 119 Nev. 232, 235, 71 P.3d 490, 491-92 (2003).

 Horne v. SIIS, 113 Nev. 532, 537, 936 P.2d 839, 842 (1997).

 Id. at 536, 936 P.2d at 842.

 Cf. Ross v. Giacomo, 97 Nev. 550, 553-54, 635 P.2d 298, 300 (1981) (noting that the opposing party should not be allowed to benefit by a confusing situation that he created when he sent two separate notices of entry on different dates, and that by sending two notices, he essentially admitted that the first notice was defective), overruled, on other grounds by Winston Products Co. v. DeBoer, 122 Nev. 517, 134 P.3d 726 (2006).

 Cf. Forman v. Eagle Thrifty Drugs & Markets, 89 Nev. 533, 536, 516 P.2d 1234, 1236 (1973) (recognizing that defects in a notice of appeal “should not warrant dismissal for want of jurisdiction where the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice and where the defect has not materially misled the appellee”), overruled on other grounds by Garvin v. Dist. Ct., 118 Nev. 749, 59 P.3d 1180 (2002).

 Flamingo Hilton relies on three opinions to support its contention that the appeals officer lacked jurisdiction. Its reliance on those opinions is misplaced. First, in Reno Sparks Visitors Authority v. Jackson, 112 Nev. 62, 66-67, 910 P.2d 267, 269-70 (1996), the claimant filed a second claim well after his appeal rights had expired with regard to the denial of an identical original claim. We determined that that claimant’s second claim was an untimely attempt to appeal from the denial of his original claim, and thus the hearing officer had no jurisdiction to consider its denial. Id. Here, on the other hand, Gilbert’s administrative appeal was timely. Second, this court’s holding in State Industrial Insurance System v. Sleeper, 100 Nev. 267, 679 P.2d 1273 (1984), is inapplicable here because Gilbert did not fail to exhaust his administrative remedies. Finally, Browning v. Young Electric Sign Co., 113 Nev. 420, 936 P.2d 322 (1997), is inapposite for the same reasons; Gilbert did not fail to administratively appeal from a determination by which he was aggrieved.