An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DOUGLAS COUNTY; AND PUBLIC
AGENCY COMPENSATION TRUST,
Appellants,
vs.
CONNIE RICHARDSON,
Respondent.

No. 59849

**FILED**

APR 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER AFFIRMING IN PART,*
*REVERSING IN PART, AND REMANDING*

This is an appeal from a district court order denying judicial review in a workers' compensation matter. Ninth Judicial District Court, Douglas County; Michael P. Gibbons, Judge.

Respondent Connie Richardson worked as a reserve deputy sheriff in the Douglas County Sheriff's Office when she injured her right shoulder and neck while participating in mandatory training exercises. She later filed for workers' compensation benefits. Appellants' insurer accepted Richardson's claim for "Neck, cervical strain; R-Shoulder, biceps tendinosis." After Richardson was released from medical care, she received a permanent partial disability (PPD) evaluation from Dr. Jay Betz. Dr. Betz gave Richardson a nine-percent whole person impairment rating for her neck and shoulder, and noted her injuries as "cervical strain with underlying degenerative disk disease and chronic herniated nucleus pulposus C5-6 without evidence of radiculopathy" and "right shoulder strain/tendinitis with persistent adhesive capsulitis right shoulder." The insurer offered the nine-percent PPD award, which Richardson accepted in a lump sum. Over the next couple of years, Richardson experienced

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11756

increasing difficulty completing her job requirements and made separate requests to have her claim reevaluated for both her neck and shoulder, which the insurer denied. When Richardson administratively appealed, the appeals officer determined that the claim should be reopened for both the neck and shoulder conditions. Appellants filed a petition for judicial review, which the district court denied, and this appeal followed.

On appeal, appellants argue that Richardson is trying to impermissibly relitigate the scope of her claim to include degenerative and chronic neck conditions and that the medical evidence does not establish a change in circumstances warranting reopening for her shoulder. Richardson argues that substantial evidence supports the appeals officer's decision and that the decision was free from any errors of law.

For Richardson to reopen her claim, she must show, by providing a physician's certificate, that there has been a change of circumstances warranting an increase or rearrangement of compensation, and that the primary cause of the change in circumstances is the original industrial injury. NRS 616C.390(1). The scope of Richardson's original claim cannot be expanded upon reopening. *See Day v. Washoe Cnty. Sch. Dist.*, 121 Nev. 387, 391, 116 P.3d 68, 70 (2005) (explaining that revisiting the original decision of what conditions were industrially related is improper when evaluating a reopening request). First, regarding Richardson's neck injury, the scope of the claim was ultimately resolved by Dr. Betz's PPD evaluation, not the insurer's claim acceptance letter. *See* NRS 616C.495(2). That PPD evaluation described Richardson's neck condition as including the degenerative disc disease and the chronic herniated disc and did not find that these preexisting conditions should be apportioned for and not compensated. Both Dr. James Rappaport's

SUPREME COURT
OF
NEVADA

(O) 1947A

independent medical evaluation and Dr. Jay Halki's evaluation concluded that Richardson's current neck condition was directly related to the industrial injury and had worsened. Thus, substantial evidence supports the appeals officer's determination that the original claim included the degenerative and chronic herniated disc conditions and that these conditions had worsened since claim closure. *See Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557 & n.4, 188 P.3d 1084, 1087 & n.4 (2008) (noting that the appeals officer's decision will not be disturbed if supported by substantial evidence); *see also Nellis Motors v. State, Dep't of Motor Vehicles*, 124 Nev. 1263, 1269-70, 197 P.3d 1061, 1066 (2008) (explaining that this court will not reweigh the evidence, reassess witness credibility, or substitute our judgment for that of the appeals officer on questions of fact). Accordingly, we find no abuse of discretion or error of law in the appeals officer's decision to reopen the claim as to Richardson's neck injury.

With regard to Richardson's shoulder injury, however, although Richardson's doctors agreed that she should no longer participate in the defensive tactics training required for her job, there are no medical opinions explaining what changed in Richardson's shoulder condition or opining that any changes were caused by the original industrial injury. While Dr. Rappaport diagnosed subacromial bursitis and noted that bursitis could be caused by multiple impacts from a shotgun, there is no evidence establishing a causal connection to the industrial injury by a degree of reasonable medical probability. *See United Exposition Serv. Co. v. State Indus. Ins. Sys.*, 109 Nev. 421, 424, 851 P.2d 423, 425 (1993) (explaining that an "award of compensation cannot be based solely upon possibilities and speculative testimony").

Therefore, we conclude that substantial evidence does not support the appeals officer's determination that Richardson had met the requirements for claim reopening as to her shoulder condition and that the appeals officer abused her discretion in determining that Richardson's claim be reopened for the shoulder injury. *See Wright v. State, Dep't of Motor Vehicles*, 121 Nev. 122, 125, 110 P.3d 1066, 1068 (2005) (recognizing that substantial evidence may be inferred from the lack of certain evidence); *see also Vredenburg*, 124 Nev. at 557, 188 P.3d at 1087.

Accordingly, we affirm in part and reverse in part the district court's order denying judicial review, and we remand this matter to the district court with instructions to remand the case to the appeals officer for the purpose of denying the claim reopening on Richardson's shoulder injury.

It is so ORDERED.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[1]To the extent that appellants' arguments have not been expressly addressed in this order, we conclude that those arguments lack merit.

cc: Hon. Michael P. Gibbons, District Judge
Lansford W. Levitt, Settlement Judge
Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
Nevada Attorney for Injured Workers/Carson City
Douglas County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A