An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LAURIE VELA,
Appellant,
vs.
DAVID WRIGHT, NEVADA
DEPARTMENT OF PUBLIC SAFETY;
RISK MANAGEMENT, STATE OF
NEVADA; CANNON COCHRAN
MANAGEMENT SERVICES, INC.; AND
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,
Respondents.

No. 66820

**FILED**

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant Laurie Vela challenged her insurer's third-party administrator's, respondent Cannon Cochran Management Services, Inc. (CCMSI), denial of her request to reopen her workers' compensation claim. The hearing officer and appeals officer both affirmed CCMSI's denial. Vela then petitioned for judicial review of the appeals officer's decision, which the district court denied. Vela now appeals, arguing that (1) the appeals officer erred in his interpretation of NRS 616C.495, and (2) substantial evidence does not support the appeals officer's findings regarding NRS 616C.390.

"On appeal from orders deciding petitions for judicial review, this court reviews the administrative decision in the same manner as the district court." *Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev., Adv. Op. 27, 327 P.3d 487, 489 (2014); *see also Kay v. Nunez*, 122 Nev. 1100, 1105,

146 P.3d 801, 805 (2006) ("[T]his court affords no deference to the district court's ruling in judicial review matters.").

We conclude that the appeals officer erred in his interpretation of NRS 616C.495. *See City of N. Las Vegas v. Warburton*, 127 Nev. 682, 686, 262 P.3d 715, 718 (2011) (stating this court reviews questions of law, like statutory interpretation, arising out of administrative appeals de novo). When a person seeks to reopen his or her workers' compensation claim after accepting a permanent partial disability (PPD) lump sum payment, NRS 616C.495 controls. Under NRS 616C.495(2)(a)(1)'s plain terms, a person can reopen his or her workers' compensation claim after accepting a PPD lump sum payment if he or she satisfies the requirements of NRS 616C.390.[1]

Here, Vela accepted a PPD lump sum payment, and then sought to reopen her workers' compensation claim. However, instead of looking only towards the requirements of NRS 616C.390, as instructed by NRS 616C.495, the appeals officer relied on NRS 616C.495(2)'s language that "[t]he claimant's acceptance of [the PPD lump sum payment] constitutes a final settlement of all factual and legal issues in the case," and other appeal dates and waiver language which arose over the course of Vela's workers' compensation claim. As a result, the appeals officer precluded Vela from reopening her claim. This was error. In assessing whether Vela could reopen her claim, the appeals officer should have focused entirely on NRS 616C.390. *See Day v. Washoe Cnty. School Dist.*,

---

[1]All of the paperwork signed by Vela in accepting her PPD lump sum payment mirrored the language of NRS 616C.495, and thus, aligns with the statutory interpretation of NRS 616C.495 as set forth.

121 Nev. 387, 390, 116 P.3d 68, 70 (2005) (explaining in a case featuring similar facts that when an injured employee seeks to reopen his or her workers' compensation claim, the pertinent analysis falls under NRS 616C.390).

Under NRS 616C.390, an insurer must reopen a claim if (1) "[the] application to reopen a claim is made in writing within 1 year after the date on which the claim was closed," (2) "[t]he application is supported by medical evidence demonstrating an objective change in the medical condition of the claimant," and (3) "[t]here is clear and convincing evidence that the primary cause of the change of circumstances is the injury for which the clam was originally made." NRS 616C.390(4).

Vela satisfied NRS 616C.390's first requirement because she filed her application to reopen her claim only 15 days after her claim had closed. The appeals officer's factual findings support this, as he found that Vela "requested reopening only two weeks after the closure of her claim." While it is not clear what the appeals officer precisely found in regards to the second element, his findings generally, along with evidence in the record, support the conclusion that Vela's application to reopen was supported by medical evidence demonstrating an objective change in her medical condition.[2]

Finally, as to NRS 616C.390's third requirement, the appeals officer found that Vela had "not shown that her worsening of condition is primarily related to the industrial strain of her lumbosacral spine." We conclude, based on the record as a whole, that this finding by the appeals

_____

[2]This conclusion is supported by Dr. Lynch's diagnosis and reliance on an X-Ray and an MRI, and Dr. Hall's affirmation of that diagnosis.

officer was clearly erroneous. *See Day*, 121 Nev. at 389, 116 P.3d at 69 ("While this court will not substitute its judgment for that of the agency as to the weight of the evidence, this court will reverse an agency decision that is clearly erroneous in light of reliable, probative, and substantial evidence on the whole record." (internal quotations omitted)). In making his decision, the appeals officer gave more weight to office paperwork and Dr. Hall's expert opinion (who only spent 30 minutes in total on the case), over Dr. Lynch's expert opinion (a board-certified spinal neurosurgeon who treated Vela), Dr. Rappaport's expert opinion (who treated Vela), and Dr. Nagy's expert opinion (a board certified neurosurgeon).[3] Thus, we conclude that Vela satisfied all the requirements necessary to reopen her workers' compensation claim after the award of her lump sum payment.

We further conclude that CCMSI is equitably estopped from limiting Vela to treatment for a lumbar strain because (1) CCMSI covered her treatment by Dr. DeMordaunt even when he treated her for more than a strain, (2) CCMSI's claim manager Hickson told Vela over the phone she could reopen her claim for surgery, and (3) CCMSI never issued a letter to Vela pursuant to NRS 616C.065(7) denying coverage of her spinal conditions beyond a strain. *See Dickinson v. American Medical Response*, 124 Nev. 460, 467, 186 P.3d 878, 883 (2008) ("Equitable estoppel may be invoked against a party who claims a statutory right in administrative

---

[3]We have considered the parties remaining arguments and conclude that they are without merit. Specifically, the argument CCMSI raised in its answering brief that it cannot be held responsible for payment to Dr. Lynch because Dr. Lynch was not on the insurer's panel of treating physicians, as well as the argument that Vela never requested a change of physician pursuant to NRS 616C.090, are not appropriate for this appeal.

workers' compensation proceedings, when the invoking party has reasonably relied on the other party's words or conduct to her detriment.")

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order, and instruct the district court to enter an order reversing the appeals officer's decision.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. James E. Wilson, District Judge
       James Georgeson, Settlement Judge
       Nevada Attorney for Injured Workers/Carson City
       Attorney General/Carson City
       Beckett, Yott, McCarty & Spann/Reno
       Carson City Clerk