136 Nev., Advance Opinion 66

IN THE SUPREME COURT OF THE STATE OF NEVADA

TSUN YOUNG,
Appellant,
vs.
NEVADA GAMING CONTROL BOARD;
AND HARD ROCK HOTEL AND
CASINO,
Respondents.

No. 78916

FILED

OCT 08 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for judicial review of an order of the Nevada Gaming Control Board. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

*Reversed and remanded with instructions.*

Nersesian & Sankiewicz and Robert A. Nersesian and Thea Marie Sankiewicz, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, and Michael P. Somps, Senior Deputy Attorney General, Carson City,
for Respondent Nevada Gaming Control Board.

Lewis Roca Rothgerber Christie LLP and Marla J. Hudgens, Phoenix, Arizona,
for Respondent Hard Rock Hotel and Casino.

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

20-36875

*OPINION*

By the Court, PARRAGUIRRE, J.:

Nevada Gaming Commission Regulation (NGCR) 12.060(2)(c) provides in relevant part that a licensee must "[p]romptly redeem its own chips and tokens from its patrons." NGCR 12.060(4) complements that general rule by providing in relevant part that "[a] licensee shall not redeem its chips or tokens if presented by a person who the licensee knows or reasonably should know is not a patron of its gaming establishment." In this appeal, we consider the meaning of "patron" under those rules. We conclude that "patron" should be interpreted by its plain meaning: essentially, a customer. Because the appellant here was in fact a patron, we reverse the district court's order denying his petition for judicial review.

*FACTS*

Appellant Tsun Young tried to redeem six $5,000 chips from respondent Las Vegas Hard Rock Hotel and Casino, but it refused, explaining that it could not verify that he had won the chips. Young returned with a lawyer, who filed a complaint with respondent Nevada Gaming Control Board and demanded an investigation when Hard Rock again refused to redeem the chips. A Board agent responded to the dispute and issued a decision finding that Young was a patron but concluding that because Hard Rock could not verify that his winnings amounted to $30,000, it need not have redeemed his chips. The agent noted that refusing to redeem was consistent "with the established industry standards and common practice," but cited no authority supporting the proposition that a casino may refuse to redeem chips simply because it cannot verify that the person trying to redeem the chips won them.

Supreme Court
OF
Nevada

(O) 1947A

Young petitioned the Board for reconsideration, arguing that under NGCR 12.060(2)(c), Hard Rock was required to "[p]romptly redeem its own chips and tokens from its patrons" absent an applicable exception to that rule. Although the Board's agent had found that Young *was* a patron and Hard Rock readily admitted that Young was a regular, rated player who had purchased hundreds of thousands of dollars in chips, the Board justified the agent's conclusion by citing NGCR 12.060(4), which prohibits a licensee from redeeming chips if it "knows or reasonably should know [that the person trying to redeem them] is not a patron of its gaming establishment." The Board defined "patron" for purposes of this rule as someone who has *won* the chips he seeks to redeem. The Board concluded that Young was not a "patron" under its new definition because Hard Rock had no record of him *winning* any $5,000 chips, so it affirmed the agent's decision despite his finding that Young was a patron.

Young petitioned the district court for judicial review of the Board's order, but the district court denied the petition, thereby affirming the Board's order. Now Young appeals, arguing that the Board's decision was not in accordance with law. We agree.

## DISCUSSION

We review issues of statutory interpretation de novo but will "defer to an agency's interpretation of its governing statutes or regulations if the interpretation is within the language of the statute." *Dutchess Bus. Servs., Inc. v. Nev. State Bd. of Pharmacy*, 124 Nev. 701, 709, 191 P.3d 1159, 1165 (2008). When reviewing de novo, we will interpret a statute or regulation by its plain meaning unless the statute or regulation is ambiguous, *Savage v. Pierson*, 123 Nev. 86, 89, 157 P.3d 697, 699 (2007), the plain meaning "would provide an absurd result," *Simmons Self-Storage*

*Partners, LLC v. Rib Roof, Inc.*, 130 Nev. 540, 546, 331 P.3d 850, 854 (2014), or the interpretation "clearly was not intended," *Sheriff, Clark Cty. v. Burcham*, 124 Nev. 1247, 1253, 198 P.3d 326, 329 (2008).

*The Board's interpretation is not within NGCR 12.060(4)'s language*

Young argues that the Board's interpretation is not entitled to deference because it is not within NGCR 12.060(4)'s language. Neither the Board nor Hard Rock argues that the Board's interpretation is within the regulation's language or even addresses the within-the-language rule.

In its recommendation affirming the agent's decision under NGCR 12.060(4), the Board noted that NGCR 12.060 does not define "patron." So it used what it described as a definition from an Eighth Judicial District Court order in an unrelated case: "a customer of a gaming establishment that obtained the chips 'through a game, tournament, contest, drawing, promotion or similar activity,'" i.e., winning the chips.[1]

The Board's interpretation of NGCR 12.060(4) is not within the regulation's language. The "game . . . or similar activity" language does not appear in NGCR 12.060,[2] so the Board's interpretation is not entitled to deference, and we must review this issue de novo.

---

[1]Young's counsel represented the petitioner in the case from which the Board drew its definition and disputed the Board's interpretation of that order in the district court. He argued that whether the petitioner was a "patron" was not at issue in that case and that the district court in fact never attempted to define "patron."

[2]That language does appear in NRS 463.362(1)(a), which provides that in certain instances, a licensee must notify the Board of a dispute or notify a patron of the right to request a Board investigation, but NRS 463.362(1) is not NGCR 12.060. Further, even if we were to disregard the within-the-language rule and look to related law, NRS 463.362 would be inapt because it does not define "patron," but in fact addresses a subset of

*"Patron" is unambiguous*

The first issue upon de novo review is whether "patron" is ambiguous. A word is ambiguous if it "is subject to more than one reasonable interpretation." *Savage*, 123 Nev. at 89, 157 P.3d at 699.

Only Young offers any plain-meaning interpretation of "patron." He argues that "patron" is a common word and should be interpreted by its plain and ordinary meaning: essentially, a customer.

Neither the Board nor Hard Rock argues that "patron" is ambiguous, although by arguing that this court should affirm the Board's order, both implicitly argue that the Board's definition (i.e., someone who wins chips) is a reasonable alternative to its ordinary meaning. But Young argues that the Board's definition is not reasonable because it would allow a licensee to refuse redemption to someone who buys chips, gambles and loses some, and then tries to redeem the remaining chips. Because that person would not have *won* the chips, but merely *purchased* them, he would not be a "patron" under the Board's definition. He argues that while that seems unlikely, it is essentially what happened here.

We agree that "patron" is unambiguous. It is an ordinary word with a commonly understood meaning that is the only reasonable interpretation in this context: a customer. *See Patron, Black's Law Dictionary* (11th ed. 2019) (defining "patron" as "[a] customer or client of a business, esp. a regular one"). That understanding is also common to this court. *See, e.g., Humphries v. N.Y.-N.Y. Hotel & Casino*, 133 Nev. 607, 607-08, 403 P.3d 358, 359-60 (2017) (referring to casino-goers as "patron[s]"

patrons who have won chips, which implies that someone need not win chips to be a patron—the opposite of the proposition for which the Board cited it. NRS 463.362(1)(a).

regardless of whether or how they obtained chips); *Zahavi v. State*, 131 Nev. 51, 53, 343 P.3d 595, 596 (2015) (referring to casino-goers interchangeably as "patrons" and "customers"); *Estate of Smith v. Mahoney's Silver Nugget, Inc.*, 127 Nev. 855, 862, 265 P.3d 688, 693 (2011) (same).

*Interpreting "patron" by its plain meaning would not provide an absurd result and was not clearly unintended*

The next issue is whether interpreting "patron" by its plain meaning would provide an absurd result or was clearly unintended. We address both respondents' arguments in turn, beginning with the Board's.

The Board argues that interpreting "patron" by its plain meaning would provide an absurd result by "open[ing] the door for gaming chips to be more freely exchanged." It reasons that not requiring someone to have won the chips in order to redeem them would enable someone to redeem them after obtaining them via some sort of unsanctioned transfer, which would frustrate the purpose of NGCR 12.060(2)(d), which requires a licensee to post signs warning that federal and state law prohibit the use of chips outside the licensee's establishment for any purpose.

But the Board does not explain how that would frustrate the sign regulation's purpose, or why it must interpret NGCR 12.060(4) beyond its plain meaning in order to serve that purpose. And more significantly, the Board does not address the anti-fraud laws that serve that purpose, or NGCR 12.060(2)(a), which requires a licensee to "[c]omply with all applicable statutes, regulations, and policies of Nevada and of the United States pertaining to chips or tokens." Those laws would provide the grounds on which to refuse to redeem Young's chips if in fact they applied, so invoking NGCR 12.060(4) by redefining "patron" would be unnecessary.

Further, NGCR 12.060(4) does not require redemption—NGCR 12.060(2)(c) is the general rule of prompt redemption for a patron, and NGCR 12.060(4) is a contrapositive rule prohibiting redemption for someone the casino knows or reasonably should know is not a patron. Because NGCR 12.060(2)(c), NGCR 12.060(4), and various exceptions to the general redemption rule may be read and enforced harmoniously, the Board's argument does not present any absurd or clearly unintended result of interpreting "patron" by its plain meaning. *See Simmons*, 130 Nev. at 546, 331 P.3d at 854 ("[T]his court interprets 'provisions within a common statutory scheme harmoniously with one another in accordance with the general purpose of those statutes' to avoid unreasonable or absurd results and give effect to the Legislature's intent." (quoting *S. Nev. Homebuilders Ass'n v. Clark Cty.*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005))).

Hard Rock offers three arguments, all of which are unpersuasive. First, it argues that interpreting "patron" by its plain meaning "would nullify" NRS 463.362, the statute providing a process for disputing payouts. It reasons that the existence of a dispute process implies exceptions to the general redemption rule and concludes that a licensee could never dispute a payout if it must simply redeem chips for a patron. But it does not explain further, so why a licensee could not dispute things like whether it knows or should know that someone is not a patron, or whether the chips are counterfeit or from another casino, are unclear. Those exceptions, like NGCR 12.060(4), can be read and enforced in harmony with the general redemption rule.

Second, it argues that interpreting "patron" by its plain meaning "would make it impossible for gaming licensees to comply with . . . state and federal laws and policies . . . designed to combat financial

crime." It essentially reasons that if a patron seeks to redeem chips, and redeeming the chips would be a crime, it would have no choice but to commit a crime. But if redeeming Young's chips would have somehow violated state or federal law, then Hard Rock would not need to redefine "patron" to suit its needs. As we explained above, those laws would have been the proper authority to invoke, and could be read and enforced in harmony with the general redemption rule.

Finally, Hard Rock argues that federal reporting "requirements prevent Hard Rock from simply redeeming $30,000 to any customer presenting chips where internal records don't substantiate his play." But the federal reporting requirement it cites, 31 C.F.R. § 1021.320(a)(1) (2019), simply requires a casino to file "a report of any suspicious transaction relevant to a possible violation of law or regulation." This regulation does not even implicitly prohibit a casino from redeeming chips, but even if it did prohibit redemption, it could be read and enforced in harmony with the general redemption rule as an exception.

None of Hard Rock's arguments show that interpreting "patron" by its plain meaning would provide an absurd result or was clearly unintended. Further, no absurd results are otherwise foreseeable because NGCR 12.060(4) and the various exceptions to the general redemption rule can be read and enforced in harmony with the general redemption rule. So we conclude that interpreting "patron" by its plain meaning would not provide an absurd result and was not clearly unintended.

*Young was a "patron"*

Because the plain meaning of "patron" is unambiguous, would not provide an absurd result, and was not clearly unintended, we interpret

"patron" by its plain meaning. So the final issue is whether Young was a "patron" under the word's plain meaning.

As the Board agent testified before the hearing officer, "Mr. Young is obviously a patron of the casino." The parties do not dispute that Young was a regular, rated player at Hard Rock who wagered hundreds of thousands of dollars, and those facts support the conclusion that Young was a patron. And because Young was a patron, Hard Rock could not have known that he was not a patron, so NGCR 12.060(4) did not apply. Instead, because Hard Rock never alleged any other grounds for refusing to redeem the chips, it should have promptly redeemed Young's chips under NGCR 12.060(2)(c). Because the Board concluded otherwise on the basis of its erroneous definition of "patron," its decision was not in accordance with law.

The Board should have instead interpreted "patron" by its plain meaning and concluded that Young, as the agent found and nearly every person who appears in the appellate record has admitted, was a patron. And because no identifiable statute, regulation, or other law entitled Hard Rock to refuse redemption simply because its records could not confirm that Young won any $5,000 chips, the Board should have reversed the agent's decision and instructed Hard Rock to redeem Young's chips.

## CONCLUSION

The word "patron" should be interpreted by its plain meaning, under which Young was a patron. Because the Board concluded otherwise, its decision was not in accordance with law. We therefore reverse the district court's order denying judicial review of the Board's order and remand to the district court with the instruction that it (1) grant judicial review and reverse the Board's order affirming the agent's decision and (2)

Supreme Court
of
Nevada

(O) 1947A

9

remand to the Board with the instruction to enter a new order reversing the agent's decision.

_____, J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Cadish