137 Nev., Advance Opinion 24

IN THE SUPREME COURT OF THE STATE OF NEVADA

GREG ELLIOT PELKOLA,
Appellant,
vs.
HEIDI MARIE PELKOLA,
Respondent.

No. 80763

FILED

MAY 27 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from district court orders in a child-custody case granting a petition for permission to relocate and awarding attorney fees. Eighth Judicial District Court, Family Division, Clark County; David S. Gibson, Jr., Judge.

*Reversed and remanded.*

The Grimes Law Office and Melvin R. Grimes, Las Vegas,
for Appellant.

Radford J. Smith, Chartered, and Radford J. Smith and Kimberly A. Stutzman, Henderson,
for Respondent.

BEFORE THE SUPREME COURT, PARRAGUIRRE, STIGLICH, and SILVER, JJ.

*OPINION*

By the Court, PARRAGUIRRE, J.:

NRS 125C.006(1)(b) provides in relevant part that a "custodial parent [who] intends to relocate his or her residence to a place outside of this State . . . and . . . desires to take the child" must first petition the

district court for permission if the noncustodial parent refuses to consent to relocation. In this appeal, we consider whether that provision applies only to relocation *from Nevada* to a place outside of Nevada, or also *from a place outside of Nevada* to *another* place outside of Nevada. We conclude that it applies to both. We also clarify that the district court must issue specific findings for each of the NRS 125C.007(1) factors and, if applicable, the NRS 125C.007(2) factors.

## FACTS

Appellant Greg Pelkola and respondent Heidi Pelkola divorced in 2014. They have three minor children, of whom they share legal custody. Heidi has primary physical custody of the children.

Sometime after their divorce, Heidi petitioned the district court under NRS 125C.006 for permission to relocate with the children from Nevada to Arizona. The district court granted her petition and she and the children moved to Arizona.

In October 2019, Heidi petitioned the district court under NRS 125C.006 for permission to again relocate with the children, this time from Arizona to Ohio. After a hearing, the district court concluded that Heidi did not need permission for the current relocation, because it had already granted her permission to move from Nevada to Arizona. It nonetheless granted her petition and issued limited findings as to the relocation's effect on Greg's visitation rights.

Greg now appeals, arguing that the district court misinterpreted NRS 125C.006, the statute under which Heidi petitioned for permission to relocate. He argues that it applies not just to a relocation *from* Nevada to a place outside of Nevada, but to subsequent relocations from a place outside of Nevada to another place outside of Nevada. He argues that, therefore, the district court abused its discretion by failing to

issue the findings that NRS 125C.007 requires for a petition under NRS 125C.006. We agree and reverse and remand for the district court to hold an evidentiary hearing and issue those findings.

## DISCUSSION

*NRS 125C.006(1) applies*

The first issue is whether NRS 125C.006(1) applies here. It provides, in relevant part, as follows:

> 1. If . . . the custodial parent intends to relocate his or her residence to a place outside of this State or to a place within this State that is at such a distance that would substantially impair the ability of the other parent to maintain a meaningful relationship with the child, and . . . desires to take the child with him or her, the custodial parent shall, before relocating:
>
> (a) Attempt to obtain the written consent of the noncustodial parent to relocate with the child; and
>
> (b) If the noncustodial parent refuses to give that consent, petition the court for permission to relocate with the child.

Greg argues that NRS 125C.006 applies here. He argues that its plain meaning requires permission to relocate a child to a place outside of Nevada—not, as the district court concluded, only *from* Nevada to a place outside of Nevada. He argues that, therefore, the plain meaning applies not only to the first relocation *from* Nevada, but to subsequent relocations to *other* places outside Nevada. He notes that the district court's interpretation would allow a parent to move with the court's permission from Nevada to Arizona, and then simply move to Japan without permission or giving the other parent an opportunity to be heard.

Heidi responds that NRS 125C.006 does not apply. She argues that NRS 125C.006's plain meaning applies only to "relocating out of this

state." She reasons that the statute does not apply here because she is not moving from Nevada to Ohio, but from Arizona to Ohio. She concludes that she need not have petitioned for permission to move to Ohio.

We review statutory-interpretation issues de novo. *Young v. Nev. Gaming Control Bd.*, 136 Nev., Adv. Op. 66, 473 P.3d 1034, 1036 (2020). We will interpret a statute by its plain meaning unless various exceptions apply, such as ambiguity or absurd results. *Id.* But the parties agree that none of those exceptions apply and that we should interpret NRS 125C.006 only by its plain meaning, so we have limited our analysis accordingly. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[I]n both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

NRS 125C.006(1) applies in two circumstances: when the parent with primary physical custody "intends to relocate his or her residence [1] to a place outside of this State or [2] to a place within this State that is at such a distance that would substantially impair the ability of the other parent to maintain a meaningful relationship with the child," and intends to take the child.

Heidi's analysis of NRS 125C.006(1) is identical to the district court's. Both refer to the statute's "plain" meaning but reword the relevant portion before interpreting it. Both refer to "relocating out of" Nevada, but the statute itself refers to "relocat[ing] . . . to a place outside of" Nevada. NRS 125C.006(1). Their phrasing suggests that it applies only to *leaving* Nevada ("relocating out of" Nevada), but the statute's true phrasing plainly

includes moving from a place outside of Nevada to some other place outside of Nevada ("relocat[ing] . . . to a place outside of" Nevada).

Heidi is the parent with primary physical custody, she intended to move to a place outside of Nevada (Ohio), and she intended to take the children, so NRS 125C.006 plainly applies here.

*The district court abused its discretion by issuing inadequate findings under NRS 125C.007*

Although the district court erroneously determined that NRS 125C.006 does not apply and that Heidi did not need permission to relocate, it nonetheless gave her that permission and issued some findings under NRS 125C.007. Because NRS 125C.006 *did* apply and NRS 125C.007 requires the district court to issue certain findings if NRS 125C.006 applies, the next issue is whether the district court abused its discretion by issuing inadequate findings under NRS 125C.007.

Greg argues that it did. He notes that the district court did not address even the threshold requirements, such as the children's best interest, that the petitioning parent must prove before the district court considers several other relocation factors. So he asks us to remand for the district court to hold an evidentiary hearing and issue findings.

Heidi responds that the district court did not need to issue the findings because NRS 125C.006 does not apply. She acknowledges that the district court made some findings but she does not address their adequacy. She adds that Greg waived an evidentiary hearing by agreeing that one was unnecessary.[1]

---

[1]As we conclude, the district court must issue findings under NRS 125C.007, so we are unpersuaded that either party may waive the necessary evidentiary hearing.

NRS 125C.007(1) requires a parent petitioning for permission to relocate under NRS 125C.006 to demonstrate to the court that:

> (a) There exists a sensible, good-faith reason for the move, and the move is not intended to deprive the non-relocating parent of his or her parenting time;
>
> (b) The best interests of the child are served by allowing the relocating parent to relocate with the child; and
>
> (c) The child and the relocating parent will benefit from an actual advantage as a result of the relocation.

The district court must issue specific findings for each of the NRS 125C.007(1) factors. *See Davis v. Ewalefo*, 131 Nev. 445, 451, 352 P.3d 1139, 1143 (2015) (holding that the district court must issue specific findings when making a best-interest determination). The district court did not do so here, so it abused its discretion by permitting Heidi to relocate.

Further, NRS 125C.007(2) provides that, if the petitioning parent proves the factors under NRS 125C.007(1),

> the court must then weigh the following factors and the impact of each on the child, the relocating parent and the non-relocating parent, including, without limitation, the extent to which the compelling interests of the child, the relocating parent and the non-relocating parent are accommodated:
>
> (a) The extent to which the relocation is likely to improve the quality of life for the child and the relocating parent;
>
> (b) Whether the motives of the relocating parent are honorable and not designed to frustrate or defeat any visitation rights accorded to the non-relocating parent;

SUPREME COURT
OF
NEVADA

(O) 1947A

(c) Whether the relocating parent will comply with any substitute visitation orders issued by the court if permission to relocate is granted;

(d) Whether the motives of the non-relocating parent are honorable in resisting the petition for permission to relocate or to what extent any opposition to the petition for permission to relocate is intended to secure a financial advantage in the form of ongoing support obligations or otherwise;

(e) Whether there will be a realistic opportunity for the non-relocating parent to maintain a visitation schedule that will adequately foster and preserve the parental relationship between the child and the non-relocating parent if permission to relocate is granted; and

(f) Any other factor necessary to assist the court in determining whether to grant permission to relocate.

As with NRS 125C.007(1), the district court must issue specific findings for each of the applicable NRS 125C.007(2) factors. Here, the district court's only relevant findings were that "it does not believe that Heidi's move to Ohio would substantially impede the current timeshare," and that "Greg can still exercise his current timeshare." Those findings seem to allude to NRS 125C.007(2)(e), but the district court abused its discretion by failing to issue specific findings under the other factors, all of which may be applicable in this case.

## CONCLUSION

NRS 125C.006(1)(b) applies not only to relocation *from* Nevada to a place outside of Nevada, but also from *a place outside of* Nevada to *another* place outside of Nevada. Further, the district court must issue specific findings for each of the NRS 125C.007(1) factors and, if applicable, the NRS 125C.007(2) factors. Because Heidi sought to move with the children from Arizona to Ohio and Greg did not consent, NRS

SUPREME COURT
OF
NEVADA

(O) 1947A

7

125C.006(1)(b) applies. And, because the district court concluded otherwise, it abused its discretion by failing to issue specific findings under the NRS 125C.007 factors. For those reasons, we reverse and remand to the district court for findings under each of the applicable NRS 125C.007 factors. We also reverse the district court's award of attorney fees as to the petition to relocate and instruct the district court to recalculate the award as necessary.[2]

_____, J.
Parraguirre


We concur:


_____, J.
Stiglich

_____, J.
Silver

---

[2]Greg argues that the district court abused its discretion by awarding Heidi additional attorney fees. But he cites no authority and his argument is not cogent, so we decline to consider it. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

