# IN THE SUPREME COURT OF THE STATE OF NEVADA

SAM D. BATTISTONE,
Appellant,
vs.
JOHN ROGER BATTISTONE,
Respondent.

No. 82021

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order arising from post-judgment collection proceedings. Eighth Judicial District Court, Clark County; James Crockett, Judge.[1]

In the appealed-from order, the district court (1) denied appellant's motion to strike respondent's July 24, 2020, supplemental filing; (2) ordered appellant to turn over his stock in Globe Photos, Inc.; and (3) ordered 1111 Financial, LLC, to distribute its assets to respondent. On appeal, appellant contends that reversal is warranted because (1) respondent's supplemental filing impermissibly expanded the scope of relief respondent had originally been seeking, (2) substantial evidence does not support the district court's implied finding that appellant owns stock in Globe Photos, and (3) 1111 Financial was an indispensable party that was not named as a defendant. We disagree and therefore affirm.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-26905

Appellant's first argument is based on EDCR 2.20(f), which provides that "[a]n opposition to a motion that contains a motion related to the same subject matter will be considered as a countermotion." Appellant interprets this provision as prohibiting a countermotion from seeking relief that is different from the subject matter of the original motion. We disagree with appellant's interpretation, but more to the point, respondent's supplemental filing was not a countermotion, and the district court permitted respondent to file it, as is authorized by EDCR 2.20(i). Moreover, to the extent appellant argues that his due process rights were violated, the district court afforded appellant the opportunity to respond to the supplemental filing.[2] *See Eureka Cty. v. Seventh Judicial Dist. Court*, 134 Nev. 275, 279, 417 P.3d 1121, 1124 (2018) ("Procedural due process requires that parties receive notice and an opportunity to be heard." (internal quotation marks omitted)).

Appellant's second argument is based on two affidavits wherein he attested that he does not own any stock in Globe Photos. However, respondent produced evidence in the form of appellant's own debtor examination testimony and SEC filings, both of which indicated that appellant either directly owned stock in Globe Photos or indirectly owned that stock through another entity he partially owned, Movie Star News, LLC. Having reviewed the record, we conclude that the district court reasonably relied on this evidence to support its implied finding that

---

[2]Appellant also acknowledged in district court that the relief respondent requested in his supplemental filing could have properly been sought if respondent simply made the same request in a standalone motion.

SUPREME COURT
OF
NEVADA

(O) 1947A

appellant owned or controlled stock in Globe Photos.[3] *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) ("Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.").

Appellant's third argument is implicitly based on NRCP 19(a), which requires a person to be joined as a party if, as potentially relevant here, "disposing of the action in the person's absence may . . . impede the person's ability to protect the [person's] interest[s]." In response, respondent contends that NRCP 19 does not apply to post-judgment proceedings and relies on NRS 86.401 for the proposition that 1111 Financial did not need to be named as a party in order for respondent to obtain what was in essence a charging order against appellant's interest in 1111 Financial. Because appellant has not addressed these legally plausible arguments, we conclude that the failure to join 1111 Financial as a party does not provide a basis for reversal.[4] *See Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (recognizing that failure to respond to an argument can be treated as a confession that the argument

---

[3]In appellant's second affidavit, he attested that the SEC filing incorrectly shows that he is an owner of Movie Star News. We decline to disturb the district court's finding that appellant's attestation was not credible. *See Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) ("[W]e leave witness credibility determinations to the district court and will not reweigh credibility on appeal.").

[4]Additionally, appellant acknowledges that he indirectly has an interest in 1111 Financial, and he does not dispute that he is capable in that capacity of protecting 1111 Financial's interests.

is meritorious); *see also Pelkola v. Pelkola*, 137 Nev., Adv. Op. 24, 487 P.3d 807, 809 (2021) (observing that this court relies on the parties to frame the issues and that this court will not supply an argument on a party's behalf). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.[5]


_____, C.J.
Hardesty


_____, J.          _____, Sr. J.
Stiglich                                            Gibbons


cc:     Chief Judge, Eighth Judicial District Court
        Department 24, Eighth Judicial District Court
        Lansford W. Levitt, Settlement Judge
        Goodsell Law Group
        Beverly Salhanick, Esq., P.C.
        Eighth District Court Clerk

---

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.