137 Nev., Advance Opinion 64

IN THE SUPREME COURT OF THE STATE OF NEVADA

AHED SAID SENJAB,
Appellant,
vs.
MOHAMAD ABULHAKIM ALHULAIBI,
Respondent.

No. 81515

**FILED**

OCT 21 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a complaint for divorce. Eighth Judicial District Court, Family Division, Clark County; T. Arthur Ritchie, Jr., Judge.

*Reversed and remanded.*

Willick Law Group and Marshal S. Willick, Las Vegas,
for Appellant.

Markman Law and David A. Markman, Las Vegas,
for Respondent.

Legal Aid Center of Southern Nevada, Inc., and Barbara E. Buckley and April S. Green, Las Vegas,
for Amicus Curiae National Immigrant Women's Advocacy Project, Inc.

_____

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

NRS 125.020(2) provides in part that "no court has jurisdiction to grant a divorce unless either the plaintiff or defendant has been resident of the State for a period of not less than 6 weeks preceding the

21-30284

commencement of the action." Although residence and domicile are distinct concepts elsewhere in the law, for divorce jurisdiction, we have long considered residence "synonymous with domicile." *Vaile v. Eighth Judicial Dist. Court*, 118 Nev. 262, 269-70, 44 P.3d 506, 511 (2002) (quoting *Aldabe v. Aldabe*, 84 Nev. 392, 396, 441 P.2d 691, 694 (1968)). In this appeal, we revisit that rule and conclude that divorce jurisdiction requires mere residence.

## FACTS

Appellant Ahed Said Senjab and respondent Mohamad Abulhakim Alhulaibi are Syrian citizens. They married in Saudi Arabia and have one minor child. In 2018, Alhulaibi obtained an F-1 (student) visa and moved to Las Vegas to attend the University of Nevada, Las Vegas. Senjab and the child later obtained F-2 (dependent) visas and, in January 2020, moved to Las Vegas to live with Alhulaibi.

In March 2020, Senjab filed a complaint for divorce. She also sought spousal support, custody of the child, and child support. Alhulaibi moved to dismiss Senjab's complaint for lack of subject-matter jurisdiction. He argued that Senjab, as a nonimmigrant, cannot establish intent to remain in Nevada (i.e., domicile), so the district court lacked subject-matter jurisdiction under NRS 125.020, Nevada's divorce-jurisdiction statute. He cited caselaw in which we explained that residence is synonymous with domicile under NRS 125.020, so subject-matter jurisdiction under NRS 125.020 requires not only physical presence in Nevada (i.e., residence), but also intent to remain here. He also cited a recent United States Court of Appeals for the Ninth Circuit decision and other caselaw holding that some visas preclude domicile as a matter of law by requiring that the visa holder not intend to abandon his or her foreign residence. Senjab replied that the caselaw does not apply to her F-2 visa, and the district court had subject-

matter jurisdiction under NRS 125.020 because she had resided in Nevada for the stated period of not less than six weeks.

The district court heard Alhulaibi's motion and granted it. Citing our long-standing rule that residence is synonymous with domicile under NRS 125.020, it found that both parties had been physically present in Nevada for at least six weeks before Senjab filed her complaint but neither party had established domicile here. Citing a recent Ninth Circuit decision, it concluded that Alhulaibi's F-1 visa and Senjab's F-2 visa precluded them from establishing domicile as a matter of law, so it dismissed Senjab's complaint for lack of subject-matter jurisdiction.

Senjab now appeals, inviting us to reconsider our rule that residence and domicile are synonymous under NRS 125.020. She argues that "reside[nce]" under NRS 125.020 plainly means mere residence—not domicile.[1] We agree, so we reverse and remand to the district court.

## DISCUSSION

We review subject-matter jurisdiction de novo. *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009). We likewise review statutory-interpretation issues de novo and will interpret a statute by its plain meaning unless some exception applies. *Young v. Nev. Gaming Control Bd.*, 136 Nev. 584, 586, 473 P.3d 1034, 1036 (2020). Neither party to this appeal argues that any exception applies. We will not supply an argument on a party's behalf but review only the issues the parties present. *Pelkola v. Pelkola*, 137 Nev., Adv. Op. 24, 487 P.3d 807, 809 (2021). Senjab

---

[1]National Immigrant Women's Advocacy Project, Inc., argues in its amicus brief that an F-2 visa does not preclude domicile, but we do not reach that issue or the broader question of domicile because neither is necessary to resolve this appeal. Senjab also raises custody and support issues that we decline to consider because, as she admits, the district court did not reach them.

simply argues that we should interpret NRS 125.020 by its plain meaning, and Alhulaibi cites our long-standing rule that residence and domicile are synonymous under NRS 125.020.

NRS 125.020(1) provides several bases for subject-matter jurisdiction of a divorce complaint, including either party's "residen[ce]" in the county in which the plaintiff files the complaint. NRS 125.020(2) further provides that,

> [u]nless the cause of action accrued within the county while the plaintiff and defendant were actually domiciled therein, no court has jurisdiction to grant a divorce unless either the plaintiff or defendant has been resident of the State for a period of not less than 6 weeks preceding the commencement of the action.

Although residence and domicile are generally distinct concepts elsewhere in the law, *see, e.g.*, *Black's Law Dictionary* (11th ed. 2019) (defining residence as "[t]he place where one actually lives, as distinguished from a domicile," and domicile as "[t]he place at which a person has been physically present and that the person regards as home; a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere"), we have long considered residence "synonymous with domicile" for divorce jurisdiction, *Vaile*, 118 Nev. at 269-70, 44 P.3d at 511 (quoting *Aldabe*, 84 Nev. at 396, 441 P.2d at 694).

"[W]e recognize the important role that stare decisis plays in our jurisprudence and reiterate that '[l]egal precedents of this Court should be respected until they are shown to be unsound in principle.'" *ASAP Storage, Inc. v. City of Sparks*, 123 Nev. 639, 653, 173 P.3d 734, 743 (2007) (second alteration in original) (quoting *Grotts v. Zahner*, 115 Nev. 339, 342, 989 P.2d 415, 417 (1999) (Rose, C.J., dissenting)). Our review of NRS

125.020 reveals that the rule we reiterated most recently in *Vaile* is unsound, and we take this opportunity to retreat from it for several reasons.

First, residence and domicile are distinct concepts not only elsewhere in the law but also in NRS 125.020 itself. NRS 125.020(2) plainly and separately addresses "domicile[ ]" in its first clause and "residen[ce]" in its second clause. Given such a construction, we cannot interpret residence and domicile to be synonymous in NRS 125.020. *See Berberich v. Bank of Am., N.A.*, 136 Nev. 93, 95, 460 P.3d 440, 442 (2020) (explaining that, under the surplusage canon, no word or provision of a statute "should be ignored [or] given an interpretation that causes it to duplicate another provision or to have no consequence" (internal quotation marks omitted)).

Second, the very Ninth Circuit decision that Alhulaibi and the district court cited expressly and persuasively distinguished residence and domicile as we do here. In *Park v. Barr*, the Ninth Circuit explained that the California Court of Appeals decision on which the lower court relied "conflated 'residence' with 'domicile'" by describing them as "synonymous." 946 F.3d 1096, 1100 (9th Cir. 2020) (quoting *In re Marriage of Dick*, 18 Cal. Rptr. 2d 743, 746 (Ct. App. 1993)).[2]

And, finally, the Legislature has supplied an applicable definition of residence. NRS 10.155 provides that,

> [u]nless otherwise provided by specific statute, the legal residence of a person with reference to the person's right of naturalization, right to maintain or defend any suit at law or in equity, or any other right dependent on residence, is that place where

---

[2]Like this court, California courts long ago read an additional, extra-textual domicile requirement into a divorce-jurisdiction statute that required only residence. *E.g.*, *Ungemach v. Ungemach*, 142 P.2d 99, 102 (Cal. Ct. App. 1943) ("The residence referred to in the [divorce-jurisdiction] statute is equivalent to domicile.").

SUPREME COURT
OF
NEVADA

(O) 1947A

5

the person has been physically present within the State or county, as the case may be, during all of the period for which residence is claimed by the person.

No relevant statute provides an alternative definition, so NRS 10.155 applies. Under that definition, residence under NRS 125.020 plainly requires only "physical[ ] presen[ce]"—not an extra-textual intent to remain. NRS 10.155; *see also ASAP Storage*, 123 Nev. at 653, 173 P.3d at 744 ("Statutes should be given their plain meaning whenever possible; otherwise, as we have explained, the constitutional separation-of-powers doctrine is implicated." (footnote omitted)).

Here, the district court found that Senjab and Alhulaibi had been physically present in Nevada for at least six weeks before Senjab filed her complaint. Under a plain-meaning interpretation of "reside[nce]," that finding satisfies NRS 125.020(1)(e), which provides that a plaintiff may obtain divorce in "the district court of any county . . . [i]f plaintiff resided 6 weeks in the State before suit was brought." It also satisfies NRS 125.020(2), which likewise requires residence "for a period of not less than 6 weeks preceding the commencement of the action." With that finding and the plain-meaning interpretation of "residen[ce]" that we now acknowledge, the district court did not lack subject-matter jurisdiction under NRS 125.020.

## CONCLUSION

Under NRS 125.020, "residen[ce]" means mere residence—not domicile—and NRS 10.155 defines residence as "physical[ ] presen[ce]." Because the district court found that Senjab had been physically present in Nevada for at least six weeks before she filed her divorce complaint, we conclude that it had subject-matter jurisdiction under NRS 125.020.

Accordingly, we reverse and remand to the district court for further proceedings consistent with this opinion.

_____, J.
Parraguirre

We concur:

_____, C.J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon