# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARGARET REDDY; MOHAN THALAMARLA; AND MAX GLOBAL, INC.,
Appellants,
vs.
MEDAPPEAL, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY,
Respondent.

No. 83253

FILED

JUN 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a tort action. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.[1]

Respondent sued appellants and five other defendants who are not parties to this appeal, alleging that the eight defendants conspired to defraud respondent. Appellants filed a motion to dismiss, arguing that they had no contacts with Nevada and that the district court therefore lacked personal jurisdiction over them. The district court denied the motion, concluding that appellants were judicially estopped from arguing a lack of personal jurisdiction based on a previous lawsuit in Illinois wherein the five other defendants successfully moved to dismiss by arguing that they were subject to personal jurisdiction in Nevada. Although appellants were not parties to the Illinois lawsuit, the district court reasoned that they should similarly be judicially estopped because they were in privity with the defendants who were parties to that lawsuit. *Cf. Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 996 (9th Cir. 2012) (recognizing

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-19218

that a party may be judicially estopped when they are in privity with a party who previously and successfully took a contrary position).

Respondent then moved for summary judgment on its claims. In opposition, appellants argued generally that respondent had not produced sufficient evidence connecting them to the alleged conspiracy, and they submitted affidavits in which they distanced themselves from two other defendants, David Weinstein and Kevin Brown. At a hearing, the district court questioned whether those affidavits were sufficient to create a genuine issue of material fact in light of the evidence that respondent had produced showing appellants' connection to the alleged conspiracy. *Cf. Wood v. Safeway, Inc.*, 121 Nev. 724, 732, 121 P.3d 1026, 1031 (2005) (observing that a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the operative facts" (internal quotation marks omitted)). Finding counsel's explanation unpersuasive, the district court granted respondent's motion and held the eight defendants jointly and severally liable for $225,000.

Appellants first contend that the district court erroneously found that they were judicially estopped from arguing a lack of personal jurisdiction. In this, they note that they were not parties to the Illinois lawsuit, but they fail to meaningfully address the district court's finding that they were in privity with the Illinois defendants, one of whom (Vijay Reddy) is appellant Margaret Reddy's husband and appellant Mohan Thalamarla's nephew.[2] Based on this record, we cannot conclude that the district court's finding of privity was erroneous. *See Catholic Diocese of Green Bay, Inc. v. John Doe 119*, 131 Nev. 246, 249, 349 P.3d 518, 520 (2015)

---

[2]Appellant Max Global, Inc., is a company that is owned by Mr. Thalamarla.

("When reviewing a district court's exercise of [personal] jurisdiction, we review legal issues de novo but defer to the district court's findings of fact if they are supported by substantial evidence."). Appellants also contend that *respondent* should be judicially estopped from asserting claims against them because respondent did not name them as defendants in the Illinois lawsuit. We need not consider this argument because appellants did not raise it below.[3] *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (recognizing that this court need not consider arguments raised for the first time on appeal).

Appellants next contend there are genuine issues of material fact that preclude summary judgment. In particular, appellants appear to contend that the following "issues" are material and disputed: (1) appellants' level of involvement with Messrs. Weinstein and Brown, (2) the definition of a "silent partner," and (3) whether Mrs. Reddy "received any money from Respondent's contract payments." We are not persuaded. Appellants' first identified issue ignores their involvement with the other co-conspirator, Mr. Reddy. Appellants' second identified issue was not raised in district court, and they do not explain how the definition of this term, as it was used in Mr. Reddy's examination, would be "material" to this case. *See Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."). Relatedly, appellants do not articulate how their third issue would be "material," given that the district court observed at the summary judgment hearing that appellants

---

[3]This is not to suggest that such an argument would be meritorious in a similar scenario. *See generally NOLM, LLC v. Cty. of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004) (listing factors for when judicial estoppel may be applicable).

could still be liable to respondent even if they did not directly profit from respondent's $75,000 payment. Accordingly, based on the arguments raised on appeal, we are not persuaded that the district court committed reversible error in granting summary judgment. *See id.* at 729, 121 P.3d at 1029 (reviewing de novo the district court's decision to grant summary judgment); *see also Senjab v. Alhulaibi*, 137 Nev., Adv. Op. 64, 497 P.3d 618, 619 (2021) ("We will not supply an argument on a party's behalf but review only the issues the parties present.").

Appellants next contend that the district court should have dismissed respondent's action because respondent is not licensed in Nevada to transact business. *Cf.* NRS 86.548(2) (prohibiting any foreign limited-liability company from "transacting business" in Nevada without first registering with the Secretary of State). This argument is without merit, as it ignores NRS 86.5483(1), which provides that "[f]or the purposes of NRS 86.543 to 86.549, inclusive, the following activities do not constitute transacting business in this State: [m]aintaining, defending or settling any proceeding." Pursuing a legal action appears to fall squarely within this definition, and appellants do not argue otherwise.

Appellants raise an array of additional arguments for the first time on appeal, including that previous counsel "abandon[ed]" them by not attending an August 20, 2019, hearing. Counsel did, however, attend a previous hearing on August 1, 2019, at which counsel argued the merits of appellants' motion to dismiss. Thus, although the circumstances surrounding counsel's nonappearance are unclear, we are not persuaded that it had an adverse effect on the outcome of appellants' case. Appellants' remaining arguments raised for the first time on appeal do not warrant

(O) 1947A

discussion, and we decline to address them further. *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.[4]

_____ C.J.
Parraguirre

_____ , J.
Pickering

_____ , Sr.J.
Gibbons

cc: Hon. Adriana Escobar, District Judge
Michael H. Singer, Settlement Judge
The Wasielewski Law Firm, Ltd.
The Ball Law Group LLC
Eighth District Court Clerk

_____

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.