140 Nev., Advance Opinion 15

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CLARK COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, Appellant, vs. 6635 W OQUENDO LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 85185 |

FILED

MAR 14 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying an anti-SLAPP special motion to dismiss. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

*Affirmed.*

Steven B. Wolfson, District Attorney, and Timothy J. Allen, Deputy District Attorney, Clark County,
for Appellant.

Steven L. Yarmy, Las Vegas,
for Respondent.

BEFORE THE SUPREME COURT, EN BANC.

24-09081

## OPINION

By the Court, PARRAGUIRRE, J.:

NRS 41.660 is colloquially referred to as Nevada's "anti-SLAPP" statute.[1] It permits a "person" to file a special motion to dismiss a complaint when the complaint is based on the person's "good faith communication in furtherance of ... the right to free speech in direct connection with an issue of public concern." At issue in this appeal is whether a governmental entity is a "person" entitled to bring an anti-SLAPP motion. We conclude that a governmental entity is not a "person" for purposes of the anti-SLAPP statute and affirm the district court's order denying appellant's special motion to dismiss.

## FACTS

In early 2019, appellant Clark County received a complaint that a residential property was being operated as a short-term rental and party house. The property at issue is owned by the eponymous respondent 6635 W Oquendo LLC (Oquendo). The Clark County Code Enforcement Department opened an investigation, during which the Department spoke with several short-term renters at the Oquendo property. Finding violations of the Clark County Code, the Department issued Oquendo seven civil penalties totaling $38,350. After the civil penalties went unpaid, Clark County recorded a lien against the Oquendo property for each penalty. Oquendo did not contest the penalties or liens, and in early 2021, Oquendo sent Clark County a check for the entire $38,350. Thereafter, Clark County released the liens.

---

[1]NRS 41.660 is codified within a subset of statutes, NRS 41.635-.670, which are referred to plurally as Nevada's anti-SLAPP statutes.




Then, in 2022, Oquendo filed the underlying action against Clark County. Generally speaking, Oquendo's complaint alleged that Clark County lacked the authority to impose the civil penalties and to record liens against the property. Clark County filed an anti-SLAPP motion, arguing that the conduct forming the basis for Oquendo's claims—recording liens against the Oquendo property—was protected speech covered by the anti-SLAPP statutes.[2] At a hearing on the motion, Oquendo's counsel argued that "I just don't believe that these Anti-SLAPP statutes were meant for the government to just dismiss complaints." The district court agreed and entered an order denying Clark County's motion, finding that "Clark County is not a person for purposes of anti-SLAPP." Clark County now appeals.

## DISCUSSION

Determining whether Clark County and other governmental entities are a "person" for purposes of the anti-SLAPP statute is a matter of statutory construction, which we review de novo. *See Young v. Nev. Gaming Control Bd.*, 136 Nev. 584, 586, 473 P.3d 1034, 1036 (2020).

As indicated, NRS 41.660 refers to a "person" bringing an anti-SLAPP motion. Oquendo argues that Clark County is not a "person" for anti-SLAPP purposes based on NRS 0.039, which, in its entirety, provides,

> *Except as otherwise expressly provided in a particular statute or required by the context,* "person" means a natural person, any form of business or social organization and any other nongovernmental legal entity including, but not limited to, a corporation, partnership, association, trust or unincorporated organization. *The term*

---

[2]In light of our resolution of this appeal, we need not address whether recording a lien can constitute protected speech under the anti-SLAPP statutes.

> *does not include a government, governmental agency or political subdivision of a government.*

(Emphases added.)   *See also* NRS 0.010 (providing that NRS Chapter 0 "provides definitions and declarations of legislative intent which apply to Nevada Revised Statutes as a whole").   Thus, according to Oquendo, NRS 0.039 plainly precludes Clark County from being a person for purposes of the anti-SLAPP statute.

We agree and are not persuaded by either of Clark County's two counterarguments.   First, Clark County relies upon the Legislature's language in NRS 41.031(1) providing for the waiver of sovereign immunity on behalf of the State and its political subdivisions.   This statute provides that "[t]he State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons and corporations."   NRS 41.031(1).   According to Clark County, because the anti-SLAPP statute is a "rule[ ] of law [that applies to] natural persons," it is entitled to bring an anti-SLAPP motion.

While Clark County's reasoning is plausible, we are nevertheless confined by NRS 0.039's plain-language definition of "person." *See Young*, 136 Nev. at 586, 473 P.3d at 1036 (recognizing that this court interprets statutes by their plain meaning unless there is ambiguity, the plain meaning would provide an absurd result, or the plain meaning clearly was not intended).   As indicated, when read as a whole, NRS 0.039 states that "[e]xcept as otherwise expressly provided in a particular statute or required by the context," "[person] does not include a government, governmental agency or political subdivision of a government."   It is undisputed that NRS 41.660 does not "expressly provide[ ]" that "person" includes governmental entities.   Nor does NRS 41.660's context *require*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

"person" to be construed as including governmental entities, as it is wholly reasonable that the Legislature would wish to exclude governmental entities from anti-SLAPP protection. *Cf. Simonian v. Univ. & Cmty. Coll. Sys. of Nev.*, 122 Nev. 187, 191, 128 P.3d 1057, 1059-60 (2006) ("[A] long-standing principle of statutory construction instructs that person does not include the sovereign" and that, "unless a statute expressly indicates otherwise, we will presume that the statute does not confer person status on a state entity." (internal quotation marks omitted)). Namely, when the Legislature amended the anti-SLAPP statutes in 1997, it expressly declared that the anti-SLAPP statutes' purpose was to protect "participation by *citizens* in government" and "giv[e] the *people* the right to petition the government for redress of grievances [consistent with] the First Amendment to the United States Constitution and in section 10 of article 1 of the constitution of the State of Nevada." 1997 Nev. Stat., ch. 387, at 1363-64 (emphases added) (preamble to bill amending anti-SLAPP statutes). In other words, affording the *government* anti-SLAPP protection would appear to be contrary to the Legislature's purpose in enacting the anti-SLAPP statutes. *Cf. Crosby v. Town of Indian River Shores*, 358 So. 3d 444, 447 (Fla. Dist. Ct. App. 2023) (concluding that Florida's anti-SLAPP statute does not apply to governmental entities because the statute "protects the right guaranteed to each of us by the First Amendment[, which] protects citizens' speech only from government regulation; government speech itself is not protected by the First Amendment" (internal quotation marks omitted)). Accordingly, we reject Clark County's first counterargument.[3]

---

[3]We recognize that California courts have interpreted California's anti-SLAPP statute to afford protection to governmental entities, *see, e.g.*, *San Ramon Valley Fire Prot. Dist. v. Contra Costa Cnty. Emps. Ret. Ass'n*,

Clark County's second counterargument is that we already held in *John v. Douglas County School District*, 125 Nev. 746, 760, 219 P.3d 1276, 1286 (2009), that governmental entities are entitled to bring an anti-SLAPP motion. Again, we disagree. *John* involved a teacher (John) who was disciplined for misconduct and then sued the school district that disciplined him, asserting an array of federal claims. 125 Nev. at 750-51, 219 P.3d at 1279-80. The school district filed an anti-SLAPP motion, which identified communications between school officials and the school district in furtherance of investigations into John's misconduct as protected under the anti-SLAPP statute. The district court granted the anti-SLAPP motion. On appeal, this court identified two primary issues: (1) "whether Nevada's anti-SLAPP statute applies to John's federal causes of action raised in Nevada district court," and (2) "whether the district court erred in dismissing John's lawsuit under the statute." *Id.* at 749-50, 219 P.3d at 1279. After resolving the first issue in the school district's favor, we then turned to the second issue. *Id.* at 760, 219 P.3d at 1286. John had argued that the at-issue communications between the various school district employees did not constitute protected speech under NRS 41.637 because, in part, the school district was not a governmental entity, meaning that the communications did not petition or seek redress from a government agency pursuant to NRS 41.637(1)-(3). *Id.* at 760-61, 219 P.3d at 1286. In rejecting his argument,

---

22 Cal. Rptr. 3d 724, 731 (Ct. App. 2004); *Bradbury v. Superior Ct.*, 57 Cal. Rptr. 2d 207, 211 (Ct. App. 1996), and that we typically construe our anti-SLAPP statute consistently with California's statute, *see Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019). However, we decline to do so here because California has no apparent analog to NRS 0.039, which, again, applies "to Nevada Revised Statutes as a whole." NRS 0.010. If the Legislature believes that governmental entities should be entitled to anti-SLAPP protection, it is free to make the necessary statutory amendments.

we reasoned that the school district was a "political subdivision" as defined in NRS 41.0305, such that the internal communications were aimed at procuring governmental action, i.e., disciplining John at his job with the school district. *Id.* at 749-50, 761-62, 219 P.3d at 1279-80, 1286-87. We then proceeded to explain why John failed to rebut the school district's showing that its communications were covered by the anti-SLAPP statute. *Id.* at 761-62, 219 P.3d at 1286-87.

Thus, *John* addressed whether internal disciplinary measures taken by a school district were communications to a government agency pursuant to NRS 41.637(1)-(3). *Cf. id.* At no point in the *John* decision did the parties present the issue of whether a governmental entity was a "person" for purposes of bringing a motion to dismiss under the anti-SLAPP statute in the first place, nor did we make such a holding.[4] *See Senjab v. Alhulaibi*, 137 Nev. 632, 633-34, 497 P.3d 618, 619 (2021) (recognizing that this court "review[s] only the issues the parties present"); *Liu v. Christopher Homes, LLC*, 130 Nev. 147, 151, 321 P.3d 875, 877 (2014) (reviewing de novo the interpretation of this court's caselaw). Accordingly, we reject Clark County's second counterargument.

## CONCLUSION

We hold that a governmental entity is not a "person" entitled to bring an anti-SLAPP motion. NRS 0.039 unambiguously defines "person" to exclude governmental entities, and the context of NRS 41.660 does not require that "person" as used in that statute be construed to include

---

[4]We take this opportunity to clarify that while portions of the *John* decision could be read to infer as much, the court did not address whether a governmental entity is considered a person for the purpose of anti-SLAPP protections, and that was not the ultimate holding. *See* 125 Nev. at 760-61, 219 P.3d at 1286-87.

governmental entities. The district court therefore correctly denied Clark County's anti-SLAPP motion because it was not entitled to bring it. Accordingly, we affirm the district court's order denying Clark County's special motion to dismiss.

_____, J.
Parraguirre

We concur:

_____, C.J.
Cadish

_____, J.
Stiglich

_____, J.
Pickering

_____, J.
Herndon

_____, J.
Lee

_____, J.
Bell

SUPREME COURT
OF
NEVADA

(O) 1947A