STATE INDUSTRIAL INSURANCE SYSTEM, APPELLANT, *v.* CHARLES HICKS, RESPONDENT.

No. 15061

October 4, 1984                                        688 P.2d 324

*Glade A. Myler* and *Denise M. Lightford,* Associate General Counsel, Las Vegas, for Appellant.

*King, Clark, Gross & Sutcliffe,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The State Industrial Insurance System (SIIS) appeals from an order of the district court reversing an administrative decision on an industrial insurance claim.

On April 13, 1980, Charles Hicks sustained a compensable injury to his back while working in the course and scope of his employment. During the course of his treatment, Hicks complained of "pins and needles" pain, and was diagnosed as having possible "disc involvement." On March 5, 1981, Hicks received a six percent permanent partial disability rating from SIIS and his case was closed.

On May 20, 1981, Hicks submitted a written request to the SIIS, asking that his claim be reopened. He also submitted a letter from his chiropractor in support of his request. The letter stated that Hicks was complaining of "pins and needles pain." The letter stated further that Hicks' problems were real, based on "positive exam findings" and that his problem "could have" resulted from the industrial injury.

The SIIS denied Hicks' request to reopen on June 2, 1981, because the "indications for reopening [were] not well defined." Hicks appealed this decision to the hearing division of the Nevada Department of Administration, which upheld the prior denial.

On August 14, 1981, Hicks filed an appeal with the appeals officer of the Department of Administration. The chiropractor submitted another letter, stating that he had employed "several different tests" which indicated that Hicks had a "deteriorating disc condition attributable by history to his industrial accident." The appeals officer found that the letter provided "only a reiteration of Claimant's subjective complaints without supporting objective findings, and [showed] no change in claimant's medical conditions. . . ." Hicks' request to reopen his claim was again denied.

On March 15, 1982, Hicks filed a petition for judicial review of the appeals officer's decision. The district judge concluded that Hicks had met his burden of proof by showing a change of circumstances sufficient to reopen his claim. An order was then entered reversing the decision of the appeals officer and remanding the case to the SIIS for reopening of the claim. This appeal followed.

The sole issue in this appeal is whether the district court's

order reversing the decision of the appeals officer was proper. Appellant argues that the district court erred by substituting its judgment for that of the appeals officer as to the weight of the evidence on a question of fact, thereby violating NRS 233B.140(5). We agree.

"When a decision of an administrative body is challenged, the function of this court is identical to that of the district court. It is to review the evidence presented to the administrative body and ascertain whether that body acted arbitrarily or capriciously, thus abusing its discretion." Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 282, 607 P.2d 581, 582 (1980). Judicial review of an administrative decision arising out of a claim for industrial compensation is limited to a review of the decision of the appeals officer. *See* NRS 616.543(2).

NRS 616.545(1) requires that an application to reopen an industrial compensation claim must be "accompanied by the certificate of a physician, or a chiropractor if the change of circumstances reasonably indicates treatment that is within the lawful scope of chiropractic, showing a change of circumstances which would warrant an increase or rearrangement of compensation. . . ." The burden of proof is on the party seeking to reopen the claim. *See generally* 3 Larson, *Workmen's Compensation Law,* § 81.33(c), pp. 15-554.72-.73; 101 CJS *Workmen's Comp.* § 860, p. 256. *See also* Avon Products, Inc. v. Lamparski, 293 A.2d 559 (Del. 1972); Griffith v. Blair, 430 S.W.2d 337 (Ky. 1968). The burden is usually satisfied by a preponderance of the evidence. *See generally, Larson, supra,* § 81.33(c), pp. 15-554.77 et seq. Hicks conceded below that the burden was upon him to show a comparative change of circumstances, either in kind or degree.

With the foregoing principles in mind, the disposition of this case is clear. Nowhere in the administrative proceedings below did Hicks demonstrate a change of circumstances in kind or degree that would warrant the reopening of his claim. The appeals officer found that Hicks simply reiterated the same complaints for which he was granted a permanent partial disability award. Our review of the record reveals no abuse of discretion by the appeals officer, and accordingly we reverse the decision of the district court.