BONNIE BROWN, Appellant, v. STATE INDUSTRIAL
INSURANCE SYSTEM, an Agency of the State of
Nevada, Respondent.

No. 20726

December 20, 1990                                    803 P.2d 223

*King, Clark, Gross & Sutcliffe,* Las Vegas, for Appellant.

*R. Scott Young,* General Counsel, SIIS, Carson City, and
*William A. Zeigler,* Associate General Counsel, SIIS, Las Vegas,
for Respondent.

## OPINION

*Per Curiam:*[1]

Appellant, Bonnie Brown, developed carpel tunnel syndrome, a painful condition in her wrists, as a result of her employment. Surgery was performed on both wrists to alleviate the condition.

Approximately two months after her last surgery, Brown, an experienced equestrian, was walking a horse through a barrel racing course when the horse suddenly bolted and ran for the finish line. Brown attempted to grab the saddle horn, but because of the carpel tunnel surgery, her hand lacked sufficient strength to hold on. Brown fell from the horse and broke both of her wrists.

A hearing officer ruled that Brown was negligent for riding the horse so soon after the carpel tunnel surgery. Therefore, the officer ruled that because of Brown's intervening negligence, SIIS would not cover the injuries that Brown received in the fall from her horse. An appeals officer upheld the decision of the hearing officer, and the district court denied Brown's petition for judicial review. This appeal followed.

Brown contends that the district court erred when it denied her petition for judicial review. Specifically, she argues that her broken wrists were a "natural consequence" of her prior industrial injury. She also argues that no evidence was presented in the administrative proceedings that she could reasonably foresee being thrown from the horse and suffering the injuries that she sustained. We disagree.

It is well-settled that judicial review of an administrative decision arising out of a claim for industrial insurance benefits is

[1]This appeal was previously dismissed on the merits in an unpublished order of this court. Upon motion of the respondent, we have determined that our decision should be issued in a published opinion. Accordingly, we grant respondent's motion. We issue this opinion in place of our Order Dismissing Appeal filed September 14, 1990.

limited to reviewing the decision of the appeals officer. *See* NRS 616.543(2); SIIS v. Hicks, 100 Nev. 567, 688 P.2d 324 (1984). In an appeal from an order of the district court adjudicating a petition for judicial review of an administrative decision regarding industrial insurance, this court must review the evidence presented to the administrative agency and ascertain whether that body acted arbitrarily or capriciously. *Hicks,* 100 Nev. at 569, 688 P.2d at 325.

This court has previously held that "[s]o long as there is a causal nexus between the final condition and the industrial injury, the employer remains liable." Warpinski v. SIIS, 103 Nev. 567, 569, 747 P.2d 227, 229 (1987). We note, however, that the negligence of a workers' compensation claimant may break the chain of causation from the initial industrial accident to the final condition. *See* Johnnie's Produce Company v. Benedict & Jordan, 120 So.2d 12 (Fla. 1960); 1 Larson, *The Law of Workmen's Compensation* § 13.12(c), at 3-558 to 3-564 (1990).

In the present case, the evidence presented to the administrative tribunal clearly showed that Brown was an experienced rider, that the horse she was riding was trained to barrel race and that Brown knew of other horses who suddenly lunged toward the finish line after walking through a barrel course. Other evidence indicated that carpel tunnel syndrome often causes considerable weakness in the extremities, and that there was "definite medical probability" that Brown's lack of strength in her arms could have resulted in her inability to control her horse. Under these circumstances, we conclude that the appeals officer did not act arbitrarily or capriciously when it determined that Brown's negligence was a superseding cause of her latest injury. Accordingly, we affirm the order of the district court denying Brown's petition for judicial review.

