*882 OPINION

Per Curiam:

In August 1988, Donald Ruffner slipped and fell from a piece of heavy equipment, injuring his back. The accident took place while Ruffner was working for Granite Construction Company (“Granite”). The State Industrial Insurance System (“SIIS”) accepted Ruffner’s claim based on a back injury and provided medical benefits and vocational rehabilitation training. When Ruffner’s condition stabilized, SIIS closed his claim on July 10, 1989, assigning a fifteen percent permanent partial disability rating.
In 1991, Ruffner twice requested SIIS to reopen his claim: once for medical benefits alone and once for medical, rehabilitation, and permanent total disability benefits. Ruffner was referred to the Spine Care Medical Center (“Spine Care”) in San Francisco, where he underwent a multidisciplinary evaluation. The doctors at Spine Care concluded that Ruffner had multilevel degenerative disc disease but recommended against surgical treatment. SIIS subsequently denied both of Ruffner’s requests to reopen his claim.
In January 1992, Ruffner filed a new request to reopen his claim. SIIS denied the request on the ground that Ruffner had failed to present any objective evidence that his condition had worsened. In February 1992, Ruffner requested vocational rehabilitation benefits. SIIS also denied this request. Ruffner appealed. On appeal, the Department of Administration hearing officer affirmed SIIS’s denial of both the request for reopening and the request for rehabilitation benefits. Ruffner appealed these determinations.
The appeals were consolidated and heard for the first time before an appeals officer on June 10, 1992. The appeals officer *883 determined that Ruffner provided sufficient medical documentation to warrant reopening his case for further medical investigation. The appeals officer instructed SIIS to have an independent medical specialist evaluate whether Ruffner’s medical condition had worsened since the date his claim originally closed. The appeals officer retained jurisdiction to resolve any disputes that arose between the parties concerning Ruffner’s medical condition. On September 9, 1992, SIIS notified Ruffner that Dr. James R. Rappaport would perform the independent medical examination on October 28, 1992.
On October 23, 1992, prior to the scheduled examination, Ruffner underwent back surgery at the Veterans Administration (“VA”) Hospital in California. Ruffner did not first obtain authorization from SIIS for the surgery. The surgery resulted in “failed back syndrome” and did not improve Ruffner’s condition.
Dr. Rappaport did not perform the scheduled examination on October 28, 1992. However, subsequent to the October 23, 1992 back surgery, Dr. Rappaport reviewed medical records regarding Ruffner’s condition. In a report submitted to the appeals officer, Dr. Rappaport concluded that “[t]here was no objective evidence of worsening of [Ruffner’s] condition.” On February 19, 1993, the appeals officer denied Ruffner’s requests to reopen his claim for medical and rehabilitation benefits.
On February 18, 1994, Ruffner filed a petition for judicial review in district court on the ground that SIIS concealed a memorandum favorable to the issue of reopening and that this memorandum had not been made available or produced at the hearing before the appeals officer. The district court remanded the matter to the appeals officer. On May 13, 1994, the appeals officer affirmed its February 1993 decision, finding reopening unwarranted. Ruffner filed a petition in district court for judicial review of the appeals officer’s May 1994 decision. The district court denied Ruffner’s petition. This appeal followed.
We conclude that the appeals officer considered inappropriate evidence in reaching his determination, and therefore we reverse the order of the district court.
This court’s role in reviewing an administrative decision is to review the evidence before the administrative agency and determine whether the agency’s decision was arbitrary and capricious and therefore an abuse of the agency’s discretion. Titanium Metals Corp. v. Clark County, 99 Nev. 397, 399, 663 P.2d 355, 357 (1983).
In its May 1994 decision, the appeals officer concluded that *884 Ruffner’s “unauthorized” VA surgery caused a “dramatic change in Mr. Ruffner’s current medical condition” and constituted “an intervening non-industrial event that has superseded the liability of the insurer in the administration of Mr. Ruffner’s claim.” Ruffner argues that the appeals officer improperly considered the VA surgery in denying his claim. He contends that the surgery is irrelevant to the determination of his claim because it did not occur until October 1992, eight months after he requested SIIS to reopen his claim. We agree.
We conclude that the appeals officer improperly considered the VA surgery in determining whether evidence of a worsening condition existed. The appeals officer concluded “[t]hat the dramatic change in Mr. Ruffner’s current medical condition is the result of the [VA] surgery.” (Emphasis added.) Ruffner’s claim closed in July 1989; he requested SIIS to reopen his claim in January 1992 on the basis of changed circumstances. Thus, the relevant time period to determine whether Ruffner’s condition worsened was between the closing of his claim in 1989 and when he requested SIIS to reopen it in 1992. It appears from the record that the appeals officer consolidated the instant case with a separate appeal from the denial of a July 1993 request to reopen Ruffner’s claim. The second appeal concerned whether the VA surgery resulted in a worsened condition and whether the lack of authorization severed SIIS’s liability. These issues were not before the appeals officer and the appeals officer improperly consolidated the two matters.
The fact that the surgery was unauthorized is also extraneous to the determination of Ruffner’s January 1992 claim. The issue before the appeals officer was not whether the surgery was authorized but, rather, whether Ruffner could demonstrate a comparative change in circumstances relating to his injury by a preponderance of the evidence. See SIIS v. Hicks, 100 Nev. 567, 569, 688 P.2d 324, 325 (1984). The appeals officer looked beyond the relevant time frame and therefore considered inappropriate evidence in reaching his decision.
We conclude that the appeals officer abused his discretion by addressing collateral issues and by reviewing irrelevant evidence. Therefore, we need not reach the other issues raised on appeal. We reverse the district court’s order denying the petition for judicial review and remand this case to the district court. Upon remand, the district court shall instruct the appeals officer to reexamine Ruffner’s claim, considering the appropriate evidence.