An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

GABRIEL DIAZ,
Appellant,
vs.
EMPLOYERS INSURANCE COMPANY
OF NEVADA; AND PETERSON
CONSTRUCTION,
Respondents.

No. 62063

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter.[1] Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

In 1991, respondent Employers Insurance Company of Nevada authorized an eight-percent permanent partial disability (PPD) award based on an industrial injury to appellant's L5-S1 disc. Appellant accepted the award in a lump sum payment, and his claim was closed. In 2009, appellant sought to reopen the claim, contending that the pain he was experiencing in the same general area of his back constituted a change in circumstances that was primarily caused by his industrial injury. *See* NRS 616C.390(1). Employers denied the request, but a hearing officer reversed the denial. Employers appealed to an appeals officer, who affirmed Employers' denial of appellant's request to reopen

---

[1]The clerk of this court shall amend the caption on this docket to conform with the caption on this order.

14-24033

the claim. Appellant then petitioned for judicial review, which the district court denied, and this appeal followed.

This court's role in reviewing an administrative agency's decision is identical to that of the district court. *Elizondo v. Hood Mach., Inc.*, 129 Nev. ___, ___, 312 P.3d 479, 482 (2013). In particular, this court reviews an administrative agency's factual findings for clear error or an arbitrary abuse of discretion, and will only overturn those findings if they are not supported by substantial evidence. *Id.* Substantial evidence is that which a reasonable person might accept as adequate to support the agency's conclusion. *Id.* "The burden of proof is on the party seeking to reopen the claim." *State Indus. Ins. Sys. v. Hicks*, 100 Nev. 567, 569, 688 P.2d 324, 325 (1984).

Having considered appellant's arguments and the record on appeal, we conclude that substantial evidence supported the appeals officer's determination that appellant failed to establish that the primary cause of his change in circumstances was his industrial injury.[2] Although appellant contends that both physicians who evaluated him opined that the industrial injury was the primary cause of his change in circumstances, the appeals officer gave due consideration to these opinions. Specifically, as for Dr. Balle's opinion, the appeals officer ordered appellant to undergo an independent medical evaluation because Dr. Balle had not adequately reviewed appellant's medical records in rendering his opinion. And as for Dr. Perry's opinion, the appeals officer noted that Dr. Perry had partially attributed appellant's back pain to

---

[2]Because this determination was supported by substantial evidence, we need not consider respondents' alternative argument that there was no change in circumstances.

areas of appellant's back that were outside the scope of appellant's originally accepted claim. Accordingly, the appeals officer was within her discretion in determining the amount of weight to give to these opinions.[3] *Elizondo*, 129 Nev. at ___, 312 P.3d at 482 (recognizing that this court defers to an appeals officer's credibility determinations).

Nonetheless, appellant contends that the scope of his initially approved claim extended beyond the L5-S1 disc level and that, by attributing appellant's pain to areas of his back other than the L5-S1 level, the appeals officer improperly reconsidered the initial compensability of appellant's claim. *See Day v. Washoe Cnty. Sch. Dist.*, 121 Nev. 387, 391, 116 P.3d 68, 70-71 (2005) (explaining that revisiting the original decision of what conditions were industrially related is improper when evaluating a reopening request). This argument is without merit, as appellant has not cited to any documentation in the record showing that the scope of his claim extended beyond the L5-S1 level.[4] Therefore, it was not clearly erroneous for the appeals officer to characterize the scope of appellant's claim as being limited to the L5-S1 level. *Elizondo*, 129 Nev. at ___, 312 P.3d at 482.

Accordingly, substantial evidence supported the appeals officer's determination that appellant failed to satisfy his burden that his

---

[3]The appeals officer was likewise within her discretion when she refused to give weight to the clarification that appellant obtained from Dr. Perry after the appeals officer's decision had been rendered. *Elizondo*, 129 Nev. at ___, 312 P.3d at 482.

[4]To the contrary, the 1991 PPD award that appellant accepted appears to pertain specifically to the L5-S1 level. *See* NRS 616C.495(2) (indicating that a claimant's acceptance of a lump sum payment "constitutes a final settlement of all factual and legal issues in the case").

claim should be reopened. *Id.; Wright v. State, Dep't of Motor Vehicles*, 121 Nev. 122, 125, 110 P.3d 1066, 1068 (2005) (recognizing that substantial evidence may be inferred from a lack of certain evidence); *Hicks*, 100 Nev. at 569, 688 P.2d at 325. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Gloria Sturman, District Judge
Janet Trost, Settlement Judge
Benson, Bertoldo, Baker & Carter, Chtd.
Floyd, Skeren & Kelly
Eighth District Court Clerk