137 Nev., Advance Opinion 82

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| PLATTE RIVER INSURANCE COMPANY, Appellant, vs. SUSAN JACKSON; AND LANCE A. JACKSON, Respondents. | No. 81974 **FILED** DEC 23 2021 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |

Appeal from a district court order granting claims of exemption from judgment execution. Ninth Judicial District Court, Douglas County; Thomas W. Gregory, Judge.

*Affirmed.*

Dubowsky Law Office, Chtd., and Peter Dubowsky, Las Vegas, for Appellant.

Millward Law, Ltd., and Michael G. Millward, Minden, for Respondents.

BEFORE THE SUPREME COURT, CADISH, PICKERING, and HERNDON, JJ.

*OPINION*

By the Court, CADISH, J.:

In this appeal, we consider whether the district court erred in determining that a judgment debtor may claim what is known as the "wildcard exemption" from execution under NRS 21.090(1)(z) to protect up

21-36624

to $10,000 of her disposable earnings not already exempted by the earnings exemption under NRS 21.090(1)(g). We conclude that the plain language of NRS 21.090(1)(z) permits that provision to apply to the portion of the debtor's earnings not protected from execution by the earnings exemption and, therefore, affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant Platte River Insurance Company obtained a judgment against respondents Susan and Lance Jackson.[1] Platte River sought to garnish Susan's earnings. Susan thereafter claimed two exemptions from execution relevant to this appeal: (1) the earnings exemption under NRS 21.090(1)(g), which, based upon the amount of her gross weekly wages, exempts 75 percent of her after-tax earnings; and (2) the wildcard exemption under NRS 21.090(1)(z), which exempts up to $10,000 of "personal property not otherwise exempt."

Platte River objected to Susan's proposed use of the wildcard exemption. After a hearing, the district court agreed with Susan that the wildcard exemption applied to the portions of a debtor's personal property selected by the debtor, where such portions do not qualify as exempt under another exemption. The court also concluded that Susan's earnings were personal property and only partially exempt under the earnings exemption such that she could designate up to $10,000 in remaining nonexempt earnings as personal property protected from execution under the wildcard exemption. Accordingly, the district court permitted Platte River to execute on the attachable portion of Susan's disposable earnings to the extent that

---

[1]Although Platte River obtained a judgment against both Susan and Lance, it did not execute on any of Lance's property.

 

those earnings exceeded $10,000 during the 180-day garnishment period. This appeal followed.

## DISCUSSION

*The language of NRS 21.090(1)(z) unambiguously permits a debtor to use the wildcard exemption on nonexempt earnings*

We review issues of statutory interpretation, such as the interpretation of the wildcard exemption, de novo. *Pankopf v. Peterson*, 124 Nev. 43, 46, 175 P.3d 910, 912 (2008). In interpreting a statute, we begin with its plain language. *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 370, 252 P.3d 206, 209 (2011). We have observed that the purpose of NRS 21.090, the statute exempting certain categories of debtor property from judgment execution, is to fulfill the Nevada constitutional mandate "to secure to the debtor the necessary means of gaining a livelihood, while doing as little injury as possible to the creditor." *Weinstein v. Fox (In re Fox)*, 129 Nev. 377, 379-80, 302 P.3d 1137, 1139 (2013) (quoting *In re Galvez*, 115 Nev. 417, 419, 990 P.2d 187, 188 (1999), *superseded on other grounds by* NRS 21.090(1)(g) (2005)); *see* Nev. Const. art. 1, § 14 (requiring Nevada laws to recognize a debtor's privilege to "enjoy the necessary comforts of life" by exempting a "reasonable amount" of the debtor's property from seizure or sale). When a statute does not yield "more than one reasonable interpretation," we deem the statute unambiguous and look no further than its plain meaning. *Great Basin Water Network v. State Eng'r*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010).

NRS 21.090(1) provides a list of property "exempt from execution, except as otherwise specifically provided in" the statute. Among those categories of property, the earnings exemption protects a percentage

 

of the debtor's "disposable earnings"[2] each workweek in an amount that varies according to the debtor's gross weekly pay.[3] NRS 21.090(1)(g). A creditor may therefore reach up to 25 percent of the debtor's net compensation each workweek to satisfy a judgment. *Id.*; *see also* NRS 31.295(2)(a)-(b) (designating maximum amount of earnings subject to garnishment). Meanwhile, the wildcard exemption protects from execution other nonexempt personal property of the debtor's choice, as follows:

> [a]ny personal property *not otherwise exempt* . . . pursuant to this subsection belonging to the judgment debtor, including, without limitation, the judgment debtor's equity in any property, money, stocks, bonds or other funds on deposit with a financial institution, not to exceed $10,000 in total value, to be selected by the judgment debtor.

NRS 21.090(1)(z) (emphasis added). We have not yet addressed whether a debtor can use the wildcard exemption in subsection (1)(z) to supplement another enumerated exemption to the extent that the enumerated exemption does not completely exempt a category of property.

*The phrase "not otherwise exempt" refers to attachable, rather than enumerated, property*

Platte River argues that a plain reading of the wildcard exemption reveals that it does not apply to any category of enumerated property. We disagree. The wildcard exemption refers to exempt and

---

[2]"Disposable earnings" refers to the debtor's net "compensation paid or payable for personal services performed by a judgment debtor in the regular course of business." NRS 21.090(1)(g)(1)-(2).

[3]If the debtor makes more than $770 in gross weekly pay, as Susan does, the statute exempts 75 percent of her disposable earnings from execution. If the debtor makes less than $770 in gross weekly pay, the statute exempts 82 percent of those disposable earnings. NRS 21.090(1)(g).

nonexempt personal property, as opposed to enumerated and unenumerated personal property, in describing its application. *See* NRS 21.090(1)(z) (applying to "any personal property not otherwise exempt from execution"). Nonexempt property signifies to the creditor that the property is attachable or available to satisfy a judgment. NRS 21.080(1). However, a property's designation as "exempt" or "nonexempt" in NRS 21.090 does not depend solely on whether the statute enumerates such property because some types of property receive only partial-exemption status. *Compare, e.g.*, NRS 21.090(1)(a) (exempting "[p]rivate libraries, works of art, musical instruments and jewelry not to exceed $5,000 in value"), *with* NRS 21.090(1)(x) (exempting "[p]ayments received as restitution for a criminal act" without capping the value of those payments). The exemption statute enumerates earnings as a category of exempted property, but it does not provide a debtor with a complete exemption of those earnings because up to 25 percent of the debtor's weekly earnings remains subject to execution. NRS 21.090(1)(g).

Importantly, Platte River's interpretation requires this court to treat all earnings as exempt for purposes of one subsection (the wildcard exemption), yet simultaneously treat only some earnings as exempt for purposes of another subsection (the earnings exemption). Such a construction departs from the statutory language of both the earnings exemption, which applies to only a portion of a debtor's income, and the wildcard exemption, which may apply to any personal property not otherwise exempt up to $10,000. The wildcard exemption, however, applies to property "not otherwise exempt," and thus, its application is not limited in the way Platte River suggests. It exempts a limited amount of otherwise attachable property and, therefore, may apply to the attachable portion of

enumerated property under NRS 21.090(1) when the categories of property identified therein do not receive complete exemption. Thus, the plain language of the wildcard exemption precludes its application only to the portion of earnings otherwise protected from attachment by the statute.

Platte River points to *Becker v. Becker*, 131 Nev. 857, 362 P.3d 641 (2015), to support its interpretation that the phrase "not otherwise exempt" excludes all enumerated property. In *Becker*, however, we never addressed whether a debtor could stack the wildcard exemption on another statutory exemption to exempt a greater portion of otherwise partially exempted property. Instead, we considered whether a debtor could exempt "his entire interest" in two corporations under NRS 21.090(1)(bb)'s stock exemption. *Id.* at 858-59, 362 P.3d at 642. Although we held that the stock exemption "does not provide for a complete exemption of stock in small corporations," we interpreted that exemption to protect the entirety of the debtor's "noneconomic interest" in small corporations regardless of the value. *Id.* at 863, 362 P.3d at 644 (emphasis omitted). We explained that the debtor's "economic interest[ ]" in a small corporation remained subject to execution. *Id.* (emphasis omitted). We then suggested in dicta that a debtor could apply the wildcard exemption to protect a nonexempt portion of stock, i.e., the economic interest, from attachment by the creditor.[4] *Id.* at 863, 362 P.3d at 645.

If anything, *Becker*, although not dispositive on the issue, supports the plain-language interpretation we reach here. Indeed, the

_____

[4]At the time, the wildcard exemption permitted a debtor to exempt $1,000 in personal property not otherwise exempt. 2007 Nev. Stat., ch. 512, § 2, at 3021. The Legislature increased the wildcard exemption from $1,000 to $10,000 in 2017. 2017 Nev. Stat., ch. 311, § 1, at 1664.

distinction we drew between exempt (noneconomic) and nonexempt (economic) interests in small corporations is analogous to the distinction here between the exempt and nonexempt portions of earnings. Applying the same reasoning we adopted in *Becker*, the wildcard exemption is available here to exempt up to $10,000 of the portion of earnings not exempted by the earnings exemption.

### *The statutory definition of personal property includes earnings*

Platte River contends that the Legislature's failure to include earnings within the list of examples of personal property to which the wildcard exemption may be applied shows that the Legislature intended to exclude earnings from the wildcard exemption. We disagree. The wildcard exemption broadly applies to "[a]*ny* personal property" that is not otherwise exempt, "*including, without limitation,* the judgment debtor's equity in any property, money, stocks, bonds or other funds on deposit with a financial institution." NRS 21.090(1)(z) (emphases added). While this list does not specifically include "earnings," the exemption's use of inclusive language forecloses Platte River's interpretation. *See Christensen v. Pack (In re Christensen)*, 122 Nev. 1309, 1320, 149 P.3d 40, 47-48 (2006) (noting that the Legislature's "retention of the modifier 'any' in [a 2005 amendment to the earnings exemption] does not reflect an intent to restrict the scope of the exemption" and interpreting that provision to protect "the proceeds of any deposits of earnings," rather than only a single week of earnings).

Although a canon of statutory interpretation provides that a legislature's omission of language included elsewhere in the statute signifies an intent to exclude such language, *see, e.g., Rural Tel. Co. v. Pub. Utils. Comm'n*, 133 Nev. 387, 389, 398 P.3d 909, 911 (2017), courts do not apply that canon when drafters use inclusive language to imply enlargement rather than limitation, *see generally* 2A Norman J. Singer &

Shambie Singer, *Sutherland Statutes and Statutory Construction* § 47:25 (7th ed. 2021 update) ("When a statute utilizes 'include,' it is generally improper to conclude that entities not specifically enumerated are excluded."). Here, the Legislature listed certain personal-property items "without limitation." NRS 21.090(1)(z). Hence, the omission of earnings from the nonexclusive list does not signify an intent to exclude earnings from the wildcard exemption's ambit. To the contrary, the inclusive language signifies an intent for the wildcard exemption to encompass any type of nonexempt property that fits within the definition of personal property. Earnings fit within that definition.

The general civil-practice definition of personal property is "money, goods, chattels, things in action and evidences of debt." NRS 10.045. As noted, the nonexhaustive examples of personal property to which the wildcard exemption can apply include money or other funds deposited with a financial institution. *See* NRS 21.090(1)(z). Meanwhile, the earnings exemption defines earnings as "compensation paid or payable for personal services performed by a judgment debtor in the regular course of business." NRS 21.090(1)(g)(2). Earnings include "compensation held in accounts maintained in a bank or any other financial institution . . . ." *Id.* Earnings also include "compensation that is due [to] the judgment debtor." *Id.* Neither NRS Title 2, governing civil practice, nor NRS Chapter 21, governing judgment enforcement, includes definitions for "money." *See* NRS 10.010 et seq.; NRS 21.005 et seq. The legal definition of money, however, includes "[f]unds" or "[a]ssets that can be easily converted to cash." *Money, Black's Law Dictionary* (11th ed. 2019).

A cohesive reading of these definitions shows that earnings include money or funds on deposit intended by an employer to compensate

an employee for personal services rendered in the regular course of business. Accordingly, earnings fall within the meaning of personal property for purposes of the wildcard exemption. Because earnings qualify as personal property, the plain language of the wildcard exemption permits a debtor to shield from execution up to $10,000 of earnings not otherwise exempted.

*The use of the wildcard exemption on nonexempt earnings does not produce absurd results*

Platte River asserts that several absurd results follow from the use of the wildcard exemption on nonexempt earnings. Specifically, it contends that the plain-meaning interpretation we adopt today imposes administrative burdens on the courts and litigants, complicates wage-garnishment calculations, results in accrual costs to the debtor that potentially exceed the amount of the wildcard exemption, and makes the execution of judgments less than $10,000 impossible, or at the very least, more difficult and protracted. We strive to the extent possible to interpret a statute in a matter that avoids "unreasonable or absurd result[s]" unintended by the Legislature. *Great Basin Water Network*, 126 Nev. at 196, 234 P.3d at 918 (quoting *Allstate Ins. Co. v. Fackett*, 125 Nev. 132, 138, 206 P.3d 572, 576 (2009)); *see Young v. Nev. Gaming Control Bd.*, 136 Nev. 584, 588, 473 P.3d 1034, 1037 (2020) (equating an absurd result with one not intended by the Legislature). Nevertheless, we may not adopt an interpretation contrary to a statute's plain meaning merely because we "disagree[ ] with the wisdom of" the Legislature's policy determinations. *See Anthony v. State*, 94 Nev. 338, 341, 580 P.2d 939, 941 (1978); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 239 (2012) ("The doctrine of absurdity is meant to correct obviously *unintended* dispositions, not to revise purposeful dispositions

SUPREME COURT
OF
NEVADA

(O) 1947A

9

that, in light of other provisions of the applicable code, make little if any sense.").

We conclude that the plain-meaning interpretation here does not implicate the absurd-results canon because the Legislature's inclusion of a wildcard exemption to protect an additional, limited amount of otherwise attachable personal property was not absurd, regardless of whether we disagree with the resulting effects. The fact that the debtor's use of the wildcard exemption on a portion of earnings up to $10,000 may secondarily result in more judicial involvement and delay in the judgment-execution process does not conflict with the Legislature's intent to preserve a reasonable amount of the debtor's property for her livelihood and does not jettison creditors' rights and interests. *See* NRS 21.080(1) (subjecting a debtor's property to judgment execution except as otherwise exempt by law); *In re Fox*, 129 Nev. at 380, 302 P.3d at 1139 (observing that NRS 21.090 protects the debtor's privilege to enjoy the necessary comforts of life, "while doing as little injury as possible to the creditor" (internal marks omitted) (quoting *In re Galvez*, 115 Nev. at 419, 990 P.2d at 188)). The use of the wildcard exemption on up to $10,000 of nonexempt earnings does not prevent the creditor's ultimate ability to execute on a judgment, and the creditor continues to accrue interest on its judgment until complete satisfaction. By contrast, Platte River's interpretation effectively bars lower-income debtors with no significant personal property except their earnings from the benefit of the wildcard exemption. The plain-meaning interpretation we adopt today allows the phrase "not otherwise exempt" in the wildcard exemption to maintain its function as protection for "wild" property not already removed from the legal process by other subsections in the exemption statute.

## CONCLUSION

A plain reading of the wildcard exemption in NRS 21.090(1)(z) permits a debtor to exempt a portion of earnings up to $10,000 that does not already receive exempt status under the earnings exemption in NRS 21.090(1)(g). The wildcard exemption permits a debtor to apply the exemption towards any personal property, the definition of which includes earnings, that remains subject to execution. Because the earnings exemption designates a portion of earnings as subject to execution, the debtor can apply the wildcard provision to exempt up to $10,000 of the portion of her earnings not protected by the earnings exemption. We also conclude that the plain language of the statute does not produce absurd results unintended by the Legislature. Thus, the district court correctly permitted cumulative use of the wildcard exemption and the earnings exemption on Susan's disposable earnings. We therefore affirm the district court's order granting Susan's claims of exemption.

_____, J.
Cadish

We concur:

_____, J.
Pickering

_____, J.
Herndon