139 Nev., Advance Opinion 41

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

| | |
|---|---|
| ROSA OLVERA,<br>Appellant,<br>vs.<br>WYNN LAS VEGAS; AND SEDGWICK CMS,<br>Respondents. | No. 85122-COA<br><br>FILED<br><br>SEP 28 2023<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Jessica K. Peterson, Judge.

*Affirmed.*

GGRM Law Firm and Lisa M. Anderson, Las Vegas,
for Appellant.

Lewis Brisbois Bisgaard & Smith LLP and Daniel L. Schwartz and Benjamin E. Abbott, Las Vegas,
for Respondents.

---

BEFORE THE COURT OF APPEALS, GIBBONS, C.J., and BULLA and WESTBROOK, JJ.

## OPINION

By the Court, BULLA, J.:

One purpose of Nevada's workers' compensation statutes is to provide a vehicle for employees to obtain compensation for work-related injuries. *See Frith v. Harrah S. Shore Corp.*, 92 Nev. 447, 452-53, 552 P.2d

23-31820

337, 340-41 (1976). In furtherance of this purpose, NRS 616C.390 provides for the reopening of closed workers' compensation claims upon a change of circumstances resulting from the work-related injury. In this opinion, we clarify that, when a claimant seeks to reopen a claim that was accepted for multiple body parts, the claim need be reopened for only those body parts for which a change of circumstances has been demonstrated. Here, although the claimant was previously treated for injuries to several parts of her body, she sought claim reopening due to the worsening condition of her lumbar spine. Because substantial evidence supports the appeals officer's decision that the claim should be reopened for treatment to the lumbar spine only, we affirm.

## FACTS AND PROCEDURAL HISTORY

Rosa Olvera, an employee of Wynn Las Vegas (the Wynn), suffered an industrial injury while working at the Wynn in September 2013. She was opening the door of a walk-in refrigerator when the door handle broke, causing her to fall backwards and strike her head and back against a doorframe. Olvera was unconscious for approximately one to two minutes. She sought medical care the same day and was diagnosed with a head injury, scalp injury, and cervical, lumbar, and thoracic strains. The insurer, Sedgwick CMS, accepted Olvera's claim for a cervical strain; thoracic strain; lumbar strain; contusion of the face, scalp, and neck (except eyes); right hip strain/sprain; and post-concussion syndrome. After receiving treatment for several months, Olvera's injuries were pronounced stable and ratable. In May 2014, Olvera was evaluated by Charles Quaglieri, M.D., for a permanent partial disability (PPD) rating. Dr. Quaglieri found that Olvera suffered a six-percent whole-person impairment for her lumbar spine injury and a three-percent whole-person impairment related to her central

nervous system, for a nine-percent whole-person impairment overall. In 2015, Sedgwick CMS offered Olvera a nine-percent PPD award, which she accepted, and her industrial claim was closed.

However, Olvera continued to experience low back pain, prompting her to seek further medical treatment. An MRI taken in May 2020 showed "severe bilateral neural foraminal stenosis from the spondylolisthesis and disk bulging" at L5-S1 in the lumbosacral region. In June 2020, David Dye, D.C., evaluated and diagnosed Olvera with chronic pain syndrome, lumbar radiculopathy, osseous and subluxation stenosis of intervertebral foramina of lumbar region, spondylolisthesis-acute traumatic of lumbosacral region, spinal instabilities of lumbosacral region, and idiopathic peripheral neuropathy. Dr. Dye related these new diagnoses to Olvera's original industrial injury. Further, Dr. Dye determined, within a reasonable degree of medical probability, that Olvera's industrial injuries related to the lumbar region had worsened since the claim closure in 2015. Olvera requested that her claim be reopened, but Sedgwick CMS denied her requests because the medical records she attached to support the reopening of her claim were illegible and ultimately did not demonstrate that her medical condition had worsened. Olvera timely appealed to the hearing officer, who affirmed. Olvera then appealed to the appeals officer.

In September 2021, following a hearing, the appeals officer entered a decision reversing in part the hearing officer's decision and ordering that Olvera's claim be reopened for the lumbar spine, only. Specifically, the appeals officer found that Olvera provided credible medical evidence, including the records from Dr. Dye and the MRI of her lumbar spine, supporting Olvera's contention that her lumbar spine had worsened over time due to her original industrial injury. The appeals officer also

found, pursuant to NRS 616C.390(1)(a), that Olvera demonstrated a change in circumstances related to the condition of her lumbar spine when comparing Dr. Dye's diagnoses with Olvera's past treatment records. While the appeals officer reopened Olvera's claim for additional treatment to the lumbar spine, the appeals officer denied Olvera's request to reopen her claim for other body parts, which, although accepted as part of her initial claim, did not require further treatment. Subsequently, Olvera filed a petition for judicial review on the basis that her workers' compensation claim should have been reopened to cover all accepted body parts related to her 2013 industrial accident, not only the lumbar spine. The district court denied Olvera's petition, and this appeal followed.

## ANALYSIS

On appeal, Olvera argues that the appeals officer misapplied NRS 616C.390(1) because she was statutorily entitled to reopen her claim for treatment to all body parts covered under her original claim, and therefore, the appeals officer should not have limited the reopening of her claim to the lumbar spine. Olvera posits that to conclude otherwise results in her claim not being considered reopened under the statutes. Conversely, Sedgwick CMS and the Wynn argue that there is no legal or factual basis for reopening the claim for any other body parts because the medical records Olvera provided only supported reopening her claim for further treatment to the lumbar spine.

*Standard of review*

This court reviews questions of law, including an administrative officer's construction of statutes, de novo. *Holiday Ret. Corp. v. State, Div. of Indus. Relations*, 128 Nev. 150, 153, 274 P.3d 759, 761 (2012). While this court does not defer to an administrative officer's construction of statutes, "[w]e review an administrative agency's factual

findings for clear error or an arbitrary abuse of discretion and will only overturn those findings if they are not supported by substantial evidence." *City of North Las Vegas v. Warburton*, 127 Nev. 682, 686, 262 P.3d 715, 718 (2011) (internal quotation marks and citation omitted). "Substantial evidence exists if a reasonable person could find the evidence adequate to support the agency's conclusion, and [this court] may not reweigh the evidence or revisit an appeals officer's credibility determination." *Law Offices of Barry Levinson, P.C. v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 384 (2008).

"When reviewing de novo, [this court] will interpret a statute or regulation by its plain meaning unless the statute or regulation is ambiguous, the plain meaning would provide an absurd result, or the interpretation clearly was not intended." *Young v. Nev. Gaming Control Bd.*, 136 Nev. 584, 586, 473 P.3d 1034, 1036 (2020) (internal quotation marks and citations omitted); *Platte River Ins. Co. v. Jackson*, 137 Nev. 773, 778, 500 P.3d 1257, 1262 (2021) ("We strive to the extent possible to interpret a statute in a matter that avoids unreasonable or absurd results unintended by the Legislature." (alteration and internal quotation marks omitted)). Moreover, when interpreting a statute, "[the appellate courts] consider[ ] the statute's multiple legislative provisions as a whole." *Leven v. Frey*, 123 Nev. 399, 405, 168 P.3d 712, 716 (2007).

*NRS 616C.390(1) does not require reopening a claim for all of the body parts accepted in the original claim*

We first briefly address Olvera's argument that, upon reopening a closed claim, NRS 616C.390(1) requires the claim to be reopened for all originally accepted body parts. On this point, her position is belied by the plain language of the statute, as nowhere does the provision require a claim to be reopened for coverage of all body parts accepted in the

original claim where there has been no change in circumstances as to those body parts. *Young*, 136 Nev. at 586, 473 P.3d at 1036 (providing that we interpret statutory provisions to avoid unreasonable or absurd results).

In accordance with NRS 616C.390(1), an insurer must reopen a claim more than one year after its closure if:

> (a) A change of circumstances warrants an increase or rearrangement of compensation during the life of the claimant;
>
> (b) The primary cause of the change of circumstances is the injury for which the claim was originally made; and
>
> (c) The application is accompanied by the certificate of a physician or a chiropractic physician showing a change of circumstances which would warrant an increase or rearrangement of compensation.

In this case, the appeals officer reopened Olvera's claim for further treatment to the lumbar spine, which as discussed below, is the only body part for which the evidence demonstrated a change in circumstances requiring additional compensation. Therefore, we are not persuaded by Olvera's argument that her claim was not reopened in accordance with the statute.

*Olvera failed to demonstrate by a preponderance of the evidence that her claim should be reopened as to body parts other than the lumbar spine*

An employee has the burden of proof to demonstrate that a claim should be reopened by a preponderance of the evidence. *State Indus. Ins. Sys. v. Hicks*, 100 Nev. 567, 569, 688 P.2d 324, 325 (1984). Reopening a claim necessitates more than "possibilities and speculative testimony"; instead, it requires that "[a] testifying physician [ ] state to a degree of reasonable medical probability that the condition in question was caused by the industrial injury." *See United Exposition Serv. Co. v. State Indus. Ins.*

COURT OF APPEALS
OF
NEVADA

(O) 1947B

6

*Sys.*, 109 Nev. 421, 424-25, 851 P.2d 423, 425 (1993); *see also Horne v. State Indus. Ins. Sys.*, 113 Nev. 532, 539, 936 P.2d 839, 843 (1997) ("[M]ere speculation and belief does not rise to the level of reasonable medical probability of a firm causal connection." (internal quotation marks and citation omitted)). Recently, this court recognized that NRS 616C.390 "permits the reopening of a claim and expanding the scope of coverage where, for example, an injury to a body part manifests after a claim has been closed but is medically related to the original industrial accident." *See Gilman v. Clark Cty. Sch. Dist.*, 139 Nev., Adv. Op. 7, 527 P.3d 624, 628 (Ct. App. 2023).

Here, the appeals officer considered the factors set forth in NRS 616C.390(1) and made factual findings to support the reopening of Olvera's claim to provide coverage for further treatment to the lumbar spine. Specifically, the appeals officer considered Olvera's medical records from Dr. Dye and the MRI of her lumbar spine and concluded that this evidence supported a conclusion that a change in circumstances occurred necessitating future treatment to her lumbar spine, thereby warranting the reopening of her original claim for an increase or rearrangement of compensation. This conclusion is supported by substantial evidence in the record. However, the record on appeal is devoid of medical records or other evidence demonstrating a change in circumstances related to the other body parts that were previously accepted. *See Wright v. State, Dep't of Motor Vehicles*, 121 Nev. 122, 125, 110 P.3d 1066, 1068 (2005) (recognizing that substantial evidence may be inferred from the lack of certain evidence).

COURT OF APPEALS
OF
NEVADA

(O) 1947B

7

This court will not substitute its judgment for that of the appeals officer who, after weighing the evidence, determined that Olvera's claim should be reopened for treatment to the lumbar spine. The appeals officer also determined that the evidence failed to support that further treatment was required for the other body parts. *See Day v. Washoe Cty. Sch. Dist.*, 121 Nev. 387, 389, 116 P.3d 68, 69 (2005).[1] We conclude that the appeals officer properly determined that the reopening of Olvera's claim was warranted only as to the lumbar spine.

## CONCLUSION

In this case, Olvera was able to reopen her claim pursuant to NRS 616C.390(1)(a) for further treatment to her lumbar spine based on the medical evidence presented. However, Olvera failed to present evidence to support treatment of other body parts covered in her initial claim. The reopening of Olvera's claim for the lumbar spine only is within the statutory purpose of permitting the reopening of a claim where there has been a change of circumstances necessitating an increase or rearrangement of compensation. Therefore, the appeals officer properly limited the

---

[1]Respondents argue that NRS 616C.390(5) precluded Olvera's claim from being reopened for body parts other than the lumbar spine because her request was made more than one year after the claim closed, and she only received a PPD award for the lumbar spine and central nervous system. However, based on our disposition and because the appeals officer did not reach this issue, we need not address the applicability of NRS 616C.390(5) on appeal. *See Langman v. Nev. Adm'rs, Inc.*, 114 Nev. 203, 206-07, 955 P.2d 188, 190 (1998) (recognizing that this court's role in reviewing an administrative decision is to determine the propriety of the agency's decision in light of the evidence presented to the agency).

COURT OF APPEALS
OF
NEVADA

(O) 1947B

reopening of the claim to the lumbar spine, and we affirm the district court's order denying Olvera's petition for judicial review.

_____, J.
Bulla

We concur:

_____, C.J.
Gibbons

_____, J.
Westbrook

COURT OF APPEALS
OF
NEVADA

(O) 1947B